### SCHWEBEL *v.* BOTHE.

*(District Court, E. D. Missouri, E. D.* November 8, 1889.)

**PATENTS FOR INVENTIONS—MARKING UNPATENTED ARTICLES.**

> The fact that a person has marked the words "Patent applied for" on an unpatented article does not render him liable under Rev. St. U. S. § 4901, which provides that any person who marks upon an unpatented article the word "patent," or any word importing that the same is patented, for the purpose of deceiving the public, shall be liable, etc.

At Law. On demurrer to petition.

This was a *qui tam* action, brought under the third paragraph of section 4901 of the Revised Statutes of the United States, and the charge complained of was that the defendant marked certain wagon stake pockets with the words "patent applied for." The petition contained 201 counts, a penalty of $100 being demanded on each count. The clause in question of section 4901 of the Revised Statutes prohibits persons from affixing to any unpatented article "the word 'patent,' or any other word importing that the same is patented, for the purpose of deceiving the public." The defendant demurred to the petition.

*W. B. Homer*, for plaintiff.

*George H. Knight*, for defendant.

THAYER, J., (*orally.*) The statute, being of a *quasi* criminal character, must be strictly construed, so as not to impose a penalty, unless the act complained of is within the language of the statute, and also clearly

within the prohibition intended to be imposed by the law-maker. It is evident, I think, that the use of the word "patent" on any article is not an offense unless it is so used as to import that the article is protected by letters patent. Standing alone, the word "patent" would no doubt imply that an article to which it was affixed was patented; but used in connection with other words it might not have that signification. The inhibition against the use of the word "patent" is, in my judgment, aimed at the use of the word in such manner as to import that an article is then and there protected by letters patent. If not so used as to convey to the public that idea. no offense is committed. Suppose a manufacturer should brand or stencil on an article the words following: "A patent was heretofore obtained on this machine, but it has expired." Would it be pretended that the use of the word "patent" in that connection was an offense for which a penalty might be imposed? I think not. Now the words employed in the case at bar, "Patent applied for," did not signify that the article was then and there protected by letters patent. It conveyed no such representation to the public. In point of fact, patents are applied for on many articles that are never granted. Perhaps as many applications for patents are denied as are granted. I am persuaded that the case does not fall within the statute, and the demurrer is accordingly sustained.