

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Elliott
County Attorney
Stephens County
Breckenridge, Texas

Dear Sir:

Opinion No. O-3502

Re: County court and not justice
court has jurisdiction over
first offense violation
in giving 'hot check' for
$5.00 or less, under Section
4 of Article 567b, Vernon's
Annotated Penal Code of
Texas.

Your request for an opinion has been received and care-
fully considered by this Department. We quote from your re-
quest as follows:

"With reference to Sec. 4, Art. 567b of the
Penal Code, the punishment for violation of hot
check law for first offense in giving check for less
than $5.00 shall be by imprisonment in county jail
not exceeding two years, or by a fine not exceeding
$200.

"Apparently this would throw the jurisdiction
of such offense in the county court, and I have been
trying all such cases there. But it has been called
to my attention by several parties lately that it
has been the practice in several counties to try
first offenders on hot checks of less than $5.00
in the justice courts. Is this true?

"I would appreciate your advice on the matter,
and if it is permissible to try such a case in the
justice court would like to know it."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 4 of Article 567b, Vernon's Annotated Penal Code, (a portion of the law commonly known as the "hot check law") reads as follows:

"Sec. 4. For the first conviction for a violation of sections 1, 2, or 3 of this Act, in the event the check, draft, or order given on any bank, person, firm, or corporation, is Five Dollars ($5) or less, the punishment shall be by imprisonment in the county jail not exceeding two years, or by a fine not exceeding Two Hundred Dollars ($200). For the first conviction for a violation of sections 1, 2, or 3 of this Act, in the event the check, draft, or order given on any bank, person, firm or corporation, is in excess of Five Dollars ($5), but less than Fifty Dollars ($50), punishment shall be by imprisonment in the county jail not exceeding two years, or by a fine not exceeding Five Hundred Dollars ($500).

"If it be shown on the trial of a case involving a violation of sections 1, 2, or 3 of this Act in which the check, draft, or order given on any bank, person, firm or corporation, is less than Fifty Dollars ($50), that the defendant has been once before convicted of the same offense, he shall, on his second conviction, be punished by confinement in the county jail for not less than thirty (30) days nor more than two (2) years.

"If it be shown upon the trial of a case involving a violation of sections 1, 2, or 3 of this Act that the defendant has two (2) or more times before been convicted of the same offense, regardless of the amount of the check, draft or order involved in the first two (2) convictions, upon the third or any subsequent conviction, the punishment shall be by confinement in the penitentiary for not less than two (2) nor more than ten (10) years.

"For the first conviction for a violation of sections 1, 2, or 3 of this Act, in the event the check, draft or order given upon any bank, person, firm or corporation, is in the amount of Fifty Dollars ($50) or more, punishment shall be by confinement in the penitentiary for not less than two (2) years nor more than ten (10) years."

Hon. R. L. Elliott, page 3


Article 60, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"Justices of the peace shall have jurisdiction in criminal cases where the fine to be imposed by law may not exceed two hundred dollars."

Article 56, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"The county courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed two hundred dollars."

The case of Reddick vs. State, 4 Cr. R. 32, holds that county courts have jurisdiction of misdemeanors where a part of the punishment prescribed is imprisonment in the county jail.

The courts have repeatedly held that justice courts have no jurisdiction to finally determine any criminal action when any portion of the punishment prescribed by law is imprisonment for any length of time. See the following cases:

Tuttle vs. State, 1 Cr. R. 364;
Billingsley vs. State, 3 Cr. R. 686;
Uecker vs. State, 4 Cr. R. 234;
Jacobs vs. State, 35 Cr. R. 410;
Ex Parte McGrew, 40 T. 472;
State vs. Newhous, 41 T. 185;
Ex Parte Phillips, 25 S. W. 629.

You are, therefore, respectfully advised that it is the opinion of this Department that the justice court has no jurisdiction of the offenses inquired about. Misdemeanor "hot check" cases should be tried in the county court. Felony "hot check" cases should be tried in the district court.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_

Wm. J. Fanning
Assistant

APPROVED MAY 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:N

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN