### LAGOW et al. v. UNITED STATES.

### No. 118, Docket No. 20397.

Circuit Court of Appeals, Second Circuit.

Dec. 26, 1946.

246

Herbert Zelenko, of New York City, for appellants.

Keith Brown and John F. X. McGahey, U. S. Atty., both of New York City, for appellee.

Before L. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

■ Both petitioners appeal from an order which directed the return of business records of the corporation, unlawfully seized, and forbade the use of the evidence against the corporation upon the trial of any indictment which might be filed against it; but which denied that relief to Lagow, the sole shareholder and officer of the corporation. Since at the time the petition was filed no indictment had been found, the appeal lies under Cogen v. United States, 278 U. S. 221, 49 S.Ct. 118, 73 L.Ed. 275.

■ We cannot understand what the corporation wishes more than it has obtained; and, as no point is made of the inadequacy of its relief, we shall treat as the only question involved, whether, the judge having declared the search illegal, Lagow may prevent the use against him of any information so acquired. When a man chooses to avail himself of the privilege of doing business as a corporation, even though he is its sole shareholder, he may not vicariously take on the privilege of the corporation under the Fourth Amendment; documents which he could have protected from seizure, if they had been his own, may be used against him, no matter how they were obtained from the corporation. Its wrongs are not his wrongs; its immunity is not his immunity. This we have four times decided. In re Dooley, 2 Cir., 48 F.2d 121; United States v. De Vasto, 2 Cir., 52 F.2d 26, 78 A.L.R. 336; Connolly v. Medalie, 2 Cir., 58 F.2d 629; United States v. Antonelli Fireworks Co., 2 Cir., 155 F.2d 631, 636. Nor, with deference can we accept the ruling in United States v. Janitz, D.C., 6 F.R.D. 1, that Rule 41(e) of the Rules of Criminal Procedure, 18 U.S.C.A. following section 687, has changed the law. The committee expressly declared that they had no intention of doing so; nor is there anything in the text to force us to defeat that intention. We readily read the phrase, "A person aggrieved," in the rule to cover only those persons who had been deemed "aggrieved" before.

Order affirmed.