**UNITED STATES of America**

v.

**Alexander L. GUTERMA, Robert J. Eveleigh, F. L. Jacobs Co., Comficor, Inc. and Chatham Corp., Defendants.**

United States District Court
S. D. New York.

June 1, 1959.

S. Hazard Gillespie, Jr., U. S. Atty., for Southern District of New York, New York City, David P. Bicks, Leonard R. Glass, Asst. U. S. Attys., New York City, of counsel, for United States of America.

Moss, Wels & Marcus, New York City, James L. Adler, Jr., Richard H. Wels, New York City, of counsel, for defendants Alexander L. Guterma and Chatham Corp.

DIMOCK, District Judge.

This is a motion by Alexander L. Guterma, under Rule 17, F.R.Crim.P., to quash that part of a grand jury subpoena *duces tecum* served on F. L. Jacobs Co., a codefendant, which requires the production by F. L. Jacobs Co. of certain books, records and documents of Alexander L. Guterma and Chatham Corp., a corporation which defendant Guterma alleges to be his personal holding company.

The grand jury which issued the subpoena returned an indictment against Alexander L. Guterma on March 16, 1959. The subpoena was issued on April 10, 1959, in the course of further investigations and was served on a court-appointed trustee of F. L. Jacobs Co.

Paragraph 12 of the grand jury subpoena duces tecum, against which this motion is directed, requires the production of:

"All books, records, agreements, documents, correspondence, memoranda, bank statements, cancelled checks, vouchers, letters of credit, bank drafts, authorizations, advices and supporting vouchers of * * * Alexander L. Guterma * * * [and] Chatham Corp. * * * for the period commencing January 1, 1956 to date in the custody, control and possession of F. L. Jacobs Co."

Guterma argues that the compulsory production of a person's personal books and records in a criminal proceeding is a violation of both the Fourth and Fifth Amendments, citing Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L. Ed. 746, and that this issue "may be raised by the defendant although for procedural reasons the subpoena is served on a third person acting temporarily as the custodian of the papers involved" citing Schwimmer v. United States, 8 Cir., 232 F.2d 855, certiorari denied 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52. It is with this latter assertion, involving the standing of Guterma to raise the constitutional questions, that the Government takes issue.

In upholding the challenge to the subpoena, the court in Schwimmer stated that:

"[t]he law recognizes no distinction between constructive possession, with control, and physical possession, as a basis for a subpoena to compel production, so that such process directed to and served upon an owner, who is in constructive possession and control, is as legally capable of commanding the production of his books and papers as is one against a third party, who is in physical possession of them for him." 232 F.2d 855, 860.

This statement expresses a theory which is contrary to that expressed by the Supreme Court in Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950, where there was an express rejection of the idea that an

"owner of property must be considered as having a constructive possession of it wherever it be and in whosesoever hands it be, and it is always, therefore, in a kind of asylum of constitutional privilege." 247 U. S. 7, 15, 38 S.Ct. 417, 420.

Indeed the Supreme Court in the Perlman case set forth the test of immunity as not the ownership of property but the " 'physical or moral compulsion' exerted." 247 U.S. 7, 15, 38 S.Ct. 417, 420.

The theory of the Perlman case and the test of immunity set forth have been consistently followed in later decisions by the Supreme Court and the Court of Appeals for the Second Circuit. See Burdeau v. McDowell, 256 U.S. 465, 476, 41 S.Ct. 574, 65 L.Ed. 1048; Fuller v. United States, 2 Cir., 31 F.2d 747, 748; United States v. Walker, 2 Cir., 197 F.2d 287, 289. See also United States v. Onassis, D.C.S.D.N.Y., 133 F.Supp. 327.

While none of these cases is precisely in point I conclude from them that Guterma has no standing to object to the production of his papers by F. L. Jacobs Co.

Guterma argues that this conclusion is somehow prevented by the facts of this case. He says that his papers are in a safe on the premises of F. L. Jacobs Co., that the safe does not belong to F. L. Jacobs Co. and that only he and defendant Eveleigh know its combination. These facts certainly do not better Guterma's standing to have the subpoena

quashed. If F. L. Jacobs Co. has custody, control or possession of Guterma's papers he, as above stated, has no standing to quash a subpoena served on F. L. Jacobs Co. If F. L. Jacobs Co. has not such custody, control or possession his standing to quash such a subpoena is not improved. Indeed he is in less danger. On this hypothesis the subpoena does not even require F. L. Jacobs Co. to deliver the papers in the safe since the only ones required are described as items "in the custody, control and possession of F. L. Jacobs Co."

Motion denied.

So ordered.