UNITED STATES of America,
Appellee,

v.

Alexander L. GUTERMA, Appellant.

No. 123, Docket 25790.

United States Court of Appeals
Second Circuit.

Argued Oct. 15, 1959.

Decided Nov. 20, 1959.

James Adler, Jr., New York City (Moss, Wels & Marcus, New York City, on the brief), for appellant.

David P. Bicks, Asst. U. S. Atty., Southern District of New York, New York City (S. Hazard Gillespie, Jr., U. S. Atty., Gideon Cashman, Asst. U. S. Atty., Southern District of New York, New York City, on the brief), for appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and SMITH, District Judge.

MOORE, Circuit Judge.

Defendant-appellant, Alexander L. Guterma, appeals from an order[1]

---

1. The order is appealable (Perlman v. United States, 1917, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Schwimmer v. United States, 8 Cir., 1956, 232 F.2d 855, 866, certiorari denied 1956 (both cases) 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52.

denying his motion [2] to quash so much of a subpoena *duces tecum* as relates to his personal books and records.[3]

Guterma contends that delivery of his personal records and records of Chatham Corporation (conceded to be wholly owned by Guterma) pursuant to the subpoena served upon the Trustees of F. L. Jacobs Co. (Jacobs) would be an illegal search and seizure and a violation of his Fifth Amendment privilege against self-incrimination.

A brief recital of the facts suffices. Throughout the period 1956 to February 13, 1959 Guterma was Chairman of the Board of Jacobs in New York City. He had his personal office there and kept his personal records in a safe in the Jacobs' offices. Ownership of the safe is not definitely established. In his affidavit Guterma states in a negative way that it is "not the property of F. L. Jacobs Co." but then refers to it as "my safe." The representatives of Jacobs are silent on the subject. The government simply asserts that it is "in the sole custody, possession and control of F. L. Jacobs Co."

On March 16, 1959 Guterma, Chatham Corp. and others were indicted in the Southern District of New York by a Federal Grand Jury. On March 18 a subpoena (Exh. A) was served on a court-appointed Receiver of Jacobs. Thereafter Trustees for Jacobs were appointed by a federal court in Michigan and on April 10, 1959 a subpoena (here in issue) addressed to these Trustees (for clarity referred to as "Jacobs") was served.

Only Guterma and Robert J. Eveleigh (an indicted co-defendant) know the combination of the safe and hence from a practical point of view are the only persons having access thereto except for such experts in the art of safecracking as might be retained to open it.

The subpoena was served on Jacobs. Guterma moves to quash. This, the government argues, Guterma has no standing to do because it says he is a "stranger"; Jacobs alone is commanded to produce papers and it alone could be held in contempt for failure to comply. The government contends that because Guterma's personal records, incriminating though they may be, are to be produced "by third persons" Guterma has no constitutional privileges.

Contrast this argument with the reality of the situation. Guterma is under indictment. The government admits it is making further investigations looking towards other possible offenses. Obviously, it does not seek these records to write an academic treatise on possible stock market frauds; it wants further proof to support its indictment against Guterma and to make further charges if justified. The subpoena itself seeks the records not of Jacobs relating to Guterma or Chatham Corp. but "of Alexander L. Guterma." Under these circumstances, to call Guterma a "stranger" carries technical legalism beyond its outside limits.

Where the constitutional intent to throw a screen protective against self-incrimination around the individual is so clear, is it not better to go to the Amendments themselves [4] rather than try to force the different fact patterns of other cases into the mold here—especially where the lack of congruity is so noticeable. The district court recognized this difficulty when it said "none of these

---

2. Pursuant to Rule 17, Federal Rules of Criminal Procedure, 18 U.S.C.A.

3. For purposes of this application the order to show cause is to quash " * * * so much of paragraph '12' of the aforesaid subpoena as calls for the production of [recital of records] * * * of the defendant Alexander L. Guterma and of the defendant Chatham Corp. * * * in the custody, control and possession of the defendant F. L. Jacobs Co. * * * "

4. U. S. Constitution, Amend. 4,
   "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, * * * ";
   Amend. 5,
   "No person * * * shall be compelled in any criminal case to be a witness against himself * * * "

cases [5] is precisely in point." The closest analogy is found in Schwimmer v. United States, 8 Cir., 1956, 232 F.2d 855, 860, certiorari denied 1956, 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52. There records of an attorney were sought. They were stored on the premises of a manufacturing company to which the subpoena was addressed. Schwimmer was held to have standing to object. A few excerpts from the opinion are pertinent. With reference to the question of actual service of the subpoena on the owner or the third party in possession, the court said: "Substantively, each involves, except as to the task of appearing and making delivery, the same aspects of reach, deprivation and seizure—effect against the owner." The fact that the records there were physically in the possession of the Dean Rubber Manufacturing Company was held to be of no consequence. Accordingly, "Schwimmer legally had such possession, control and unrelinquished personal rights in the books and papers as not to enable the question of unreasonable search and seizure to be escaped through the mere procedural device of compelling a third-party naked possessor to produce and deliver them" (232 F.2d at pages 860–861).

No useful purpose will be served by a case-by-case analysis of various decisions cited by both parties. They largely involve situations wherein the papers voluntarily or otherwise had come into the possession of some third party or where they were actually records of the third party, although relating to the person under investigation.[6]

Here no proof has been adduced that Guterma had turned over his personal records to Jacobs to become part of its files and records. Most significant is Jacobs' lack of access to the safe. Assume that Jacobs complies with the subpoena to its maximum ability by delivering the safe to the grand jury room, it will still be Guterma who will have to deliver his own papers.[7]

In final analysis the facts present a situation so closely resembling service upon Guterma himself to produce records in his own actual or constructive possession that it would be honoring form over substance to deny him his constitutional privileges in this instance. These privileges, however, extend only to his personal records. Such procedures as may be necessary to protect Guterma within the limitations outlined and yet preserve the government's rights under the subpoena are matters to be initiated by the parties and decided by the district court.

With regard to the records of the Chatham Corporation, it is well settled that the privileges of neither the Fifth Amendment (Wilson v. United States, 1911, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Christianson v. United States, 8 Cir., 1955, 226 F.2d 646) nor the Fourth Amendment (Lagow v. United States, 2 Cir., 1946, 159 F.2d 245) can be extended to Guterma. "When a man chooses to avail himself of the privilege of doing business as a corporation, even though he is its sole shareholder, he may not vicariously take on the privilege of the corporation under the Fourth Amendment * * *" Lagow, supra, 159 F.2d at page 246.

The order of the district court is reversed and paragraph 12 of the subpoena, dated April 10, 1959, is quashed insofar as it relates to Alexander L. Guterma.

---

5. See cases in footnote 6.

6. United States v. Johnson, 1943, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546; Burdeau v. McDowell, 1921, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048; Perlman v. United States, 1918, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; United States v. Walker, 2 Cir., 1951, 190 F.2d 481, certiorari denied 342 U.S. 868, 72 S.Ct. 109, 96 L.Ed. 653; Fuller v. United States, 2 Cir., 1929, 31 F.2d 747; United States v. Onassis, D.C.S.D.N.Y.1955, 133 F.Supp. 327. See also Foster v. United States, 2 Cir., 1959, 265 F.2d 183.

7. Eveleigh is not claimed to be a third party in possession.