**SIPPIT CUPS, INC., Plaintiff,**

v.

**MICHAEL'S CREATIONS, INC., Meyer Saffer and Mildred Saffer, Defendants.**

**Civ. A. No. 19965.**

United States District Court
E. D. New York.
Jan. 22, 1960.

Friedman & Goodman, Brooklyn, N. Y., for defendants, by Abraham Friedman and Abraham Goodman, Brooklyn, N. Y., of counsel.

Watson, Leavenworth, Kelton & Taggart, New York City, for plaintiff, by Robert C. Nicander, Leslie D. Taggart and Herbert Blecker, New York City, of counsel.

BYERS, District Judge.

This is a motion to vacate a notice to take the deposition of the defendants above named by oral examination of the two individuals so designated. In connection with the notice, a subpoena was served, calling for

(1) Samples of plastic cups with attached straws which have ever been manufactured or sold by the defendants or each of them.

As to this, the subpoena should be limited to the period of time during which the plaintiff has publicly used the trademark "Sippit" which was registered in the United States Patent Office on April 21, 1959.

(2) All documents, records, papers and books showing the sales of plastic cups with attached straws by defendants or each of them in each year since defendants or each of them began selling plastic cups.

As to this, the subpoena should be limited as indicated under (1).

(3) Copies of all advertising by the defendants of such articles "and of all advertising by others in defendants' possession or control."

As to this, the subpoena will be limited to the period of time indicated under (1), and further, to advertising matters issued by or on behalf of the defendants.

Decision is required as to the contention that in a suit under Section 292 of the Patent Act, 35 U.S.C.A. § 292 (formerly known as a qui tam action) a defendant may claim immunity from yielding discovery on the theory that the action is penal in nature and therefore the subject-matter is privileged within the meaning of Federal Rules of Civil Procedure 26(b), 28 U.S.C.

Other arguments asserted to be germane to this subject will be discussed.

The devices involved are plastic cups with attached straws.

Four causes are pleaded in the complaint, which was verified July 27, 1959, namely:

1. That plaintiff and its predecessor have been engaged in manufacturing and selling the said cups under the trademark "Sippit" which has gained public recognition.

That the said trademark was registered in the United States Patent Office on April 21, 1959.

That defendants are selling plastic cups with straws attached bearing the notation "Sip 'N Drink" and are thus infringing plaintiff's trademark as registered April 21, 1959.

2. The qui tam cause based upon the defendants' alleged sale in interstate commerce of such plastic cups with attached straws, bearing the notation, "Pat. No. 2,355,010" in packages which bear the word "Patented."

3. Action under the Trademark Law, 15 U.S.C.A. § 1051 et seq., and particularly § 1125(a) and 28 U.S.C. § 1338 (the provision concerning the jurisdiction of district courts in such matters).

The recital is that the plaintiff is a licensee under U. S. Patent No. 2,885,134 as the result of which

"Plaintiff's said products have been and now are known and recognized by the trade and by the purchasing public as the 'patented' cup with the attached straw."

Further, that the defendants' complained of conduct in using the word "Patented" and "Pat. No. 2,355,010" constitutes false representation and that such products have been transported in commerce in violation of the Trademark Act (15

U.S.C.A. § 1125(a)) to the plaintiff's damage.

4. The defendants' conduct as above pleaded constitutes unfair competition with the plaintiff.

The answer denies many substantial allegations in the complaint and in addition, four defenses are pleaded; also, five counterclaims. The latter require no discussion save the statement that they assert rights against the plaintiff based upon the same statutes which the latter has invoked. In effect, these counterclaims set forth a tu quoque series of assertions.

The Fourth counterclaim seeks a declaratory judgment against plaintiff in favor of the defendants which is in effect repeated in the Fifth counterclaim.

A reply was served, containing appropriate denials.

Some understanding of the nature and apparent scope of the controversy is a necessary preliminary to this decision. It seems that the defendants have already had discovery from the plaintiff by means of the deposition procedure (Plaintiff's brief, page 3) which, in light of the issues raised in the counterclaims, leaves something to be desired in the matter of consistency on the part of the defendants, if that should have any bearing upon the disposition of the motion.

■ The defendants urge:

(a) As to the Second cause (qui tam), this is to be regarded as a penal action.

It is true that such has been the designation stated in the cases cited by defendants. The leading one is Newgold v. American Electrical Novelty & Mfg. Co., D.C.1901, 108 F. 341, in which the opinion was rendered by Judge Addison Brown in the Southern District of New York.

The later citations add nothing by way of exposition to what he wrote, which was based upon a discussion of discovery in a qui tam action for false labeling of certain articles as purporting to be patented, in view of Section 724 of the U. S. Revised Statutes, Fed.Rules Civ.Proc. rule 34.

He clearly held such a case to be penal in character and denied discovery to the plaintiff for that reason.

It seems to this court that there is a clear distinction between the word "penal" as so used, and the word "criminal." The difference may not be presently important but what was written by Mr. Justice Gray for the Supreme Court in Huntington v. Attrill, 146 U.S. 657, at 676, 13 S.Ct. 224, 231, 36 L.Ed. 1123, may be profitably consulted in the effort to avoid a semantic quicksand. The court was considering the legal effect of a New York State judgment, sought to be enforced in Maryland, which was based upon a statutory violation by the defendant in signing and filing a false certificate concerning the capital stock of a certain corporation. In deciding that the judgment should receive full faith and credit in Maryland—which would not have been true as to a criminal offense—the opinion says:

"As the statute imposes a burdensome liability on the officers for their wrongful act, it may well be considered penal, in the sense that it should be strictly construed. But as it gives a civil remedy, at the private suit of the creditor only, and measured by the amount of his debt, it is as to him clearly remedial. To maintain such a suit is not to administer a punishment imposed upon an offender against the state, but simply to enforce a private right secured under its laws to an individual. We can see no just ground, on principle, for holding such a statute to be a penal law, in the sense that it cannot be enforced in a foreign state or country."

The foregoing distinction is deemed to be presently apposite, and thus by a parity of reasoning, this court concludes that an action under Section 292 of the Patent Act, which may lead to the imposition of a penalty, is not a criminal cause.

In this connection, the cases of Schwebel v. Bothe, D.C., 40 F. 478, and Huston v. Buckeye, etc., D.C., 145 F.Supp. 600,

are not helpful. The first is clearly distinguishable on the facts, and the headnote in the second is deemed to be erroneous.

■ It seems to be apparent that the reasoning upon which the privilege would be based against self-incrimination in a criminal case, would equally apply to one who may be subject to the penalty contemplated by this statute, so far as the individual defendants are concerned, and it is therefore held that as to the Second cause they are immune from the discovery process under said Rule 26(b).

■■ The same ruling, however, is not thought to apply to the corporate defendant, with reference to which the most recent statement by the Supreme Court is found in Curcio v. United States, 354 U.S. 118, at page 122, 77 S.Ct. 1145, 1148, 1 L.Ed.2d 1225, thus:

> "It is settled that a corporation is not protected by the constitutional privilege against self-incrimination. A corporate officer may not withhold testimony or documents on the ground that his corporation would be incriminated. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652. Nor may the custodian of corporate books or records withhold them on the ground that he personally might be incriminated by their production. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Essgee Co. v. United States, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917."

See also, United States v. Guterma, 272 F.2d 344, 346, U. S. Court of Appeals for the Second Circuit, Decision of November 20, 1959, in which the opinion states:

> "With regard to the records of the Chatham Corporation, it is well settled that the privileges of neither the Fifth Amendment (Wilson v. United States, 1911, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Christianson v. United States, 8 Cir., 1955, 226 F.2d 646) nor the Fourth Amendment (Lagow v. United

States, 2 Cir., 1946, 159 F.2d 245) can be extended to Guterma. 'When a man chooses to avail himself of the privilege of doing business as a corporation, even though he is its sole shareholder, he may not vicariously take on the privilege of the corporation under the Fourth Amendment * * *' Lagow, supra, 159 F.2d at page 246."

■ These quotations support the view that the granting of discovery against the corporation within the purpose of the Federal Rules of Civil Procedure can no more be thwarted in an action to recover a penalty provided by law, than would be possible under a criminal prosecution as such.

The motion as to the corporate defendant is therefore denied.

(b) The remaining argument for the defendants is that the First, Third and Fourth causes are so closely interwoven with the fabric of the Second, that the motion must be granted as to them for that reason. This is not seen to be so.

■ The First cause is that the defendants' trademark "Sip 'N Drink" infringes the plaintiff's registered trademark "Sippit." The averments of the complaint in this respect are denied in the answer. In order to sustain its burden of proof, the plaintiff is entitled to discovery from the defendants, and as to this cause the motion is denied.

■ The Third cause charges a violation of that section of the Trademark Act which proscribes false designations and descriptions. The substance of paragraph 26 of the complaint has heretofore been stated. The material part of the statute is to the effect that one who adopts such a false designation "shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation." 15 U.S.C.A. § 1125(a).

The plaintiff deems itself to come within the protection afforded by this statute.

It will be seen that liability is purely civil and would attach, if the plaintiff were to succeed, by recovering a judgment for damages. In other words, there is no penalty, statutory or otherwise, prescribed as is the case in reference to the qui tam cause. That difference sufficiently distinguishes the two causes as pleaded, and thus avoids the impact of the privilege upon which the individual defendants rely.

It is argued that discovery may not be had as to this cause for the reason that the results thereof would be available to support the qui tam cause. This assumes that discovery will indeed yield that which the plaintiff asserts will support the allegations of the complaint. This is an assumption in which the court is not in a position to indulge.

If it should prove to be correct, it is not a reason for denying to the plaintiff the opportunity to prepare and try its trademark case, which opportunity is the object of the rules concerning discovery.

It was stated on the argument, that the courts do not look with favor upon qui tam actions. I do not so read the cases. Congress has enacted both the Patent Act and the Trademark Act, and it is not seen to be the office of a court to minimize the operation of the sections of the statutes here involved, by adopting a construction designed to defeat their purposes.

It is of equal moment to both of these parties that the true facts be established as to whether misrepresentation has indeed been practiced as set forth in the various pleadings; that is more important than the possible bearing of discovery in the Third cause upon the allegations of the qui tam action.

The Fourth cause is based upon the same alleged state of facts as has been discussed, and charges the defendants with unfair competition by virtue of those allegations. For reasons stated in connection with the Third cause, the defendants' arguments are not persuasive, and as to the Third and Fourth causes, the motion is denied.

Motion granted as to the individual defendants in connection with the Second cause of action; otherwise denied.

Settle order.