ALMA–SCHUHFABRIK AG., a Swiss
Corporation, Plaintiff,

v.

Albert ROSENTHAL and Kenneth S.
Tydings, Defendants.

United States District Court
E. D. New York.

Jan. 26, 1960.

Rene E. Perret, New York City, for plaintiff. Herbert B. Katz, New York City, of counsel.

Lillian Eichman, New York City, for defendant Albert Rosenthal. Jerrad S. Siegel, New York City, of counsel.

BARTELS, District Judge.

This is an action against defendants Rosenthal and Tydings for goods sold and delivered between February 28, 1956 and October 29, 1956 wherein defendants interpose a general denial, an affirmative defense that the goods were sold to a corporation, Arby Laboratories, Inc. (hereinafter referred to as "Arby") and a counterclaim for breach of warranty. Plaintiff by deposition notice and subpoena seeks to examine the individual defendant Rosenthal and requires production of certain books, records and documents of both said defendant and Arby. Defendant Rosenthal moves to vacate said deposition notice on the ground that it seeks production of the (i) books and records of Arby, which is not a party to the action; (ii) books and records which embrace a period of time in excess of the period covered by the sales; and (iii) books and records which are "immaterial, unnecessary and burdensome to produce". While the motion is limited to the notice it will be considered, in the interest of expediency, to include the subpoena.

██ The notice and subpoena were directed to the defendant Rosenthal in his individual capacity. No service of a notice or subpoena for the books and records was made upon either Arby or "the officer who has them in his custody". Wilson v. United States, 1911, 221 U.S. 361, 374, 31 S.Ct. 538, 542, 55 L. Ed. 771. The question posed is whether defendant Rosenthal as an individual can be compelled to produce the books of Arby, a third person. True, it has been held in Schwimmer v. United States, 8 Cir., 1956, 232 F.2d 855, 860, certiorari denied 1956, 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52, a case involving subpoenas upon a third party for books and records of another party in a grand jury investigation, that "The law recognizes no distinction between constructive possession, with control, and physical possession, as a basis for a subpoena to compel production * * *". Different circumstances are presented in this case however, in that (a) the deposition notice and subpoena are not limited to books and records of Arby in defendant Rosenthal's possession and (b) no showing is made that any of Arby's books and records are in defendant Rosenthal's possession. See, Traub v. United States, 1955, 98 U.S.App.D.C. 43, 232 F.2d 43, 47; In re Rivera, D.C.N.Y.1948, 79 F.Supp. 510, 511. In this situation the Court believes that fair play demands that formal notice in accordance with the requirements of due process be served upon an owner of books and records by the person who subpoenas a third party custodian to produce such books and records, before production is required. Only in this manner may an owner have an opportunity to be heard in order to protect his rights and interests which may extend far beyond the books and records themselves.[1] Production of the books and records in this case can be required by the simple expediency of serving discovery process upon Arby.

██ Both the notice and subpoena are quite broad in their scope and the question of relevancy under Rule 26(b), Fed. Rules Civ.Proc., 28 U.S.C.A., of certain books and documents of the individual defendant Rosenthal is raised thereby. Their relevancy would become more apparent if the action against the individual defendants were framed in deceit which the affidavits seem to suggest. Upon consideration of the issues involved and the affidavits of both parties, the items specified in the subpoena shall be disposed of as follows:

(a) Correspondence and agreements between defendants and Arby from July 1, 1953 to October 29, 1956: Allowed as relevant to the affirmative defense and the question of a possible undisclosed principal;

(b) Books and records relating to the transactions involved for the years 1953 through 1956: Allowed only for the years 1955 and 1956 without prejudice to renew upon a showing of relevancy;

(c) Bank statements, cancelled checks and personal tax returns for the years 1953 through 1956: Disallowed without prejudice to renew upon a showing of relevancy;

(d) Warehouse receipts concerning inventory of goods bought from plaintiff between 1953 and 1956 and not yet sold: Allowed; and

(e) Shares of stock held in Arby: Allowed.

This decision constitutes an order.

1. See, United States v. Guterma, D.C.N.Y.1959, 24 F.R.D. 134, reversed 2 Cir., 1959, 272 F.2d 344.