**UNITED STATES of America**

**v.**

**Harry EPSTEIN et al., Defendants.**

United States District Court
S. D. New York.
April 2, 1965.

City, for United States, Edward M. Shaw, Asst. U. S. Atty., of counsel.

Garey & Garey, New York City, for defendants Blanka Rosenfeld and Eugene Rosenfeld, Michael J. Larkin, New York City, of counsel.

WEINFELD, District Judge.

The defendants Eugene and Blanka Rosenfeld, husband and wife, move to suppress evidence for lack of probable cause for the issuance of the daytime warrant pursuant to which their home was searched and the evidence sought to be suppressed seized.

The warrant was issued on August 2, 1963 upon the affidavit of Customs Agent Dolan, who alleged four separate grounds to support a finding of probable cause:

First, information received from an informant of demonstrated reliability that "Bella" Rosenfeld was affixing symbols to smuggled Swiss watch movements to disguise their unlawful importation, which activities were carried on at the Rosenfeld home in New Square, New York, some thirty miles from New York City.

Second, that on July 22 and on August 1, 1963 he (Dolan) had personally observed packages being carried from the Rosenfeld home, which he knew contained smuggled watch movements bearing recently affixed symbols simulating lawful importation.

Third, that a search of United States Customs records by a fellow agent confirmed that these movements had been illegally imported.

Fourth, that "on July 30, 1963 a fellow agent, who had with him an electronic device capable of detecting the presence of radio active material, such as the radium used on watch dials, was inside the above described premises, and the electronic device indicated that there were [sic] located in the above described premises a substantial quantity of radio active material."

Upon the hearing conducted before me, at which Customs Agent Dolan and the informant testified, the evidence fully

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York

established that the informant was the source of the information referred to in Dolan's affidavit and that he was of previously demonstrated reliability. The testimony also developed that as a result of the information received from the informant, Dolan had made independent observations of the defendant "Bella" Rosenfeld's movements and actions, as well as of other persons suspected of illegal activities with respect to smuggled watches. On July 17 Zoltan Katz was observed by him to leave the Rosenfeld home with a package, which later was found to contain smuggled watches with symbols simulating lawful importation. On August 1, one day prior to the issuance of the warrant, "Bella" Rosenfeld was under Dolan's constant surveillance from the time she left her home with a package until she deposited it in a subway locker in New York City. Thereafter Agent Dolan examined its contents when it was picked up for delivery to Valiant Watch, Ltd. by one of its employees, who was the informant and who was then cooperating with Dolan and other Government agents.

■■■ For the reasons elaborated upon in its opinion filed this day, denying three co-defendants' Rule 41(e) motion, the Court holds that Dolan's inspection of the packages while they were in the informer's lawful possession and his removal therefrom of sample watch movements were lawful and pursuant to statutory authority.[1] However, in the instance of the Rosenfelds, there is even less basis for any attack upon the validity of the inspection. The informant was not their employee; the parcels had not been entrusted to him, but placed in the "drop" for future pickup. When "Bella" Rosenfeld's apparent mission as a courier ended, she no longer was in possession of the package, which appears to have been destined for ultimate delivery to Valiant Watch, Ltd. Thus, assuming arguendo that the informant consented to the search without the permission or consent of Valiant Watch, Ltd. or its officers, no federally protected rights of these defendants, the Rosenfelds, were thereby invaded.[2]

■■■ The defendants raise an issue of constitutional proportions with respect to the fourth ground advanced in Dolan's affidavit—the use of a geiger counter to record radiations emitted from watch dials. The instrument had been carried into the defendants' home on either July 29 or July 30,[3] concealed on the person of a customs agent who had gained entrance by posing as a helper to an air-conditioning mechanic, who had been lawfully admitted to make repairs. The Court finds it is unnecessary to resolve the issue. There is authority, and none to the contrary, that when a warrant issues upon an affidavit containing both proper and improper grounds, and the proper grounds—considered alone—are more than sufficient to support a finding of probable cause, inclusion of the improper grounds does not vitiate the entire affidavit and invalidate the warrant.[4] This is just such a case, assuming arguendo that the geiger counter episode was an improper intrusion into and search of the Rosenfelds' home.[5] Dolan's affidavit

1. 19 U.S.C. § 482, permitting a customs agent to search "any trunk or envelope, wherever found" upon reasonable cause.

2. See, e.g., United States v. Goldberg, 330 F.2d 30, 35 (3d Cir.), cert. denied, 377 U.S. 953, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964); United States v. Guterma, 272 F.2d 344 (2d Cir. 1959).

3. There was a conflict in the testimony as to the correct date.

4. Chin Kay v. United States, 311 F.2d 317, 321–322 (9th Cir. 1962); Clay v. United States, 246 F.2d 298, 304 (5th Cir.), cert. denied, 355 U.S. 863, 78 S.Ct. 96, 2

L.Ed.2d 69 (1957). Cf. Merritt v. United States, 249 F.2d 19, 20 (6th Cir. 1957) (disregarding hearsay allegations).

5. Defendants contend their Fourth Amendment rights were violated when the agent, without their informed consent and without a warrant, "penetrated" their home and with a geiger counter conducted a "physical search" for involuntarily emitted radiation. They rely on such cases as Silverman v. United States, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961); Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921); and Fraternal Order of Eagles, No. 778 v. United

did not rely solely upon the informant's information which had proved accurate and reliable; it was also based upon Dolan's independent observation and personal knowledge acquired on July 17 when he observed Zoltan Katz carry from the Rosenfeld home 1200 smuggled watch movements, and again on August 1 when he observed "Bella" Rosenfeld carry smuggled watch movements. The contraband nature of these movements was confirmed by official Customs House records. Those two incidents alone, which the Court finds were unrelated to the geiger counter incident and not the fruits thereof, provided the Commissioner with an overwhelming case of probable cause. Thus, the geiger counter readings, while cumulatively corroborative, were mere surplusage. To hold that the reference to them so tainted the remainder of Dolan's affidavit with its abundant showing of probable cause would place a premium on skillful draftsmanship of affidavits and discourage rather than encourage law enforcement officers to seek legal process before objective judicial officers.[6] It is beyond challenge that the information received from the informant as to the Rosenfelds' activities, Dolan's surveillance of Mrs. Rosenfeld when, on August 1, she carried the package from her home to the "drop," the similar shadowing of Zoltan Katz upon his leaving her home on July 17 with a package, Dolan's inspection of the packages, which disclosed smuggled watches, all fully justified, without more, the issuance of the warrant. This is not to say that law enforcement officials may with impunity include impermissible matter in applications for search warrants in the hope that a Commissioner might thereby be persuaded to find probable cause where otherwise none exists or the issue is in doubt; in such a case inclusion of illegally obtained information would require quashal of the warrant. But in a case like the present one, where the challenged matter is merely cumulative, no such danger is run and the warrant may be upheld.

Neither warrant nor affidavit is defective because Mrs. Rosenfeld is incorrectly referred to as "Bella"; it is enough that the affidavit and warrant correctly set forth her married name, her husband's full name, and their address.[7]

Defendants' motion to suppress is in all respects denied.

States, 57 F.2d 93 (3d Cir. 1932). The Government, on the other hand, argues that subterfuge is a legitimate law enforcement tactic, Sorrels v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L. Ed. 413 (1932), and that officers may obtain entry by misrepresentation even when they are equipped with electronic listening devices. See Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L. Ed.2d 462 (1963); On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L. Ed. 1270 (1952); Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L. Ed. 944 (1928). Cf. Whiting v. United States, 321 F.2d 72, cert. denied, 375 U. S. 884, 84 S.Ct. 158, 11 L.Ed.2d 114 (1963); United States v. Locklear, 237

F.Supp. 895 (N.D.Calif.1965). But cf. United States v. Horton, 328 F.2d 132, 135 (3d Cir.), cert. denied sub. nom. Edgar v. United States, 377 U.S. 970, 84 S.Ct. 1651, 12 L.Ed.2d 739 (1964). In light of the Court's conclusion that probable cause existed wholly apart from the geiger counter readings, the constitutionality of this particular intrusion and search need not be decided.

6. See United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Aguilar v. Texas, 378 U.S. 108, 111, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

7. Weller v. Russell, 321 F.2d 848, 853 (3d Cir. 1963).