THE STATE OF OHIO, APPELLEE, *v.* KERNER, APPELLANT.

[Cite as State v. Kerner (1974), 40 Ohio App. 2d 85.]

(No. 73AP—381—Decided February 5, 1974.)

*Mr. George C. Smith,* prosecuting attorney, *Mr. Miles C. Durfey* and *Mr. Stephen T. Yost,* for appellee.

*Mr. Roy F. Martin, Mr. Richard H. Ferrell* and *Mr. James Kura,* for appellant.

HOLMES, J. This matter involves the appeal of a judgment of the Franklin County Court of Common Pleas upon a jury verdict, finding the defendant, the appellant herein, guilty of first-degree murder, committed in the perpetration of an armed robbery, as well as two counts of armed robbery.

The single assignment of error is as follows:

"The Trial Court Erred In Admitting A Written Communication By The Defendant In Violation Of His Fifth Amendment Rights And Fourteenth Amendment Rights."

It appears that the written communication involved here was some writing on pieces of paper, found by a jailer of the Franklin County jail, contained in a package of cigarettes given to the jailer by the defendant. Such cigarettes

had been given to the jailer by the defendant for the purpose of being delivered to the cell of another man who had been charged, and jailed, for the same crime of which the defendant had been charged and jailed.

The rather confusing communication was as follows:

"Make up a name or something and then you'll be a supect [sic] of being with the other guy you dig and I'll be out, and they will lower your bond so that you can get out so stick to it.

"TT

"Red it will work if you stick to what your [sic] going to say. So just tell him you can reconize [sic] the dude if you see him again. So remember you made the big swich [sic] on guns. Rap later.

"TT

Tare [sic] up."

The defendant's basic argument in support of his assignment of error is that the defendant was, by the trial court's admission of such note, compelled to be a witness against himself in violation of the Fifth Amendment.

Further, the defendant argues:

"Defendant's communication, as the communication in *United States* v. *DeMarch* (1973), 360 F. Supp. 2d 132, is a private communication and must be suppressed under the Fifth Amendment. A communication is no less private even though it is to be read by others, is known to others, and is apparently accessible to others."

The defendant also relies heavily upon the theory that the possession here was still constructively within the defendant, and that only limited and temporary possession of the note had been given to the jailer. In this regard, the defendant relies upon *Couch* v. *United States* (1973), 409 U. S. 322, wherein it was stated, at page 333:

"We do indeed believe that actual possession of documents bears the most significant relationship to the Fifth Amendment protections against governmental compulsions upon the individual accused of crime. Yet situations may well arise where constructive possession is so clear or the relinquishment of possession is so temporary and in-

significant as to leave the personal compulsions upon the accused substantially intact.''

The defendant does not challenge the right of the guard to search the cigarette package, and he admits that such note was in plain view. The defendant only challenges the state's use of such note as evidence in the defendant's trial in that it would be self-incriminating.

It is interesting that both the defendant and the state rely upon the principle of law pronounced in the case of *Couch* v. *United States, supra.* We feel, however, that the holding in *Couch* would support the position of the state in that such holding would not prevent the use of the communication in question in the present matter.

*Couch* emphasizes that the Fifth Amendment privilege is a personal privilege which adheres basically to the person and not to the information which may incriminate him; further, that a party is privileged from producing the evidence but not from its production—citing *Johnson* v. *United States* (1913), 228 U. S. 457.

The Supreme Court, in *Couch,* held that income information and business materials, sent by the defendant to her accountant, were not privileged from subpoena and use in a proceeding by the Internal Revenue Service, in that the defendant had released the papers and therefore such could no longer be considered to be private papers which would be afforded the protection of the Fourth and Fifth Amendments to the United States Constitution.

The court, in noting that the possession of the personal material was a crucial consideration, stated, at page 333:

''We do indeed believe that actual possession of documents bears the most significant relationship to Fifth Amendment protection against governmental compulsions upon the individual accused of crime.''

However, the court recognized that there would be situations where actual possession might not be necessary for the constitutional protection to be afforded. Accordingly, we find the following at page 333 of the decision:

''Yet situations may well arise where constructive possession is so clear or the relinquishment of possession

is so temporary and insignificant as to leave the personal compulsions upon the accused substantially intact.''

The court set forth, as an example, an owner of records storing such in a locked file within another's building, as in *United States* v. *Guterma* (C. A. 5, 1959), 272 F. 2d 344.

The court, in *Couch,* found such not to be the case before that court and, in a like manner, we do not find such to be the case before this court. Here, there is no fleeting divestment of possession of the note in question. It is true that it was given to the jailer only for a specific purpose— i. e., delivery to another prisoner—and, in that sense, it might be conceded that such was a fleeting relinquishment of possession. However, the possession of the note was, for all general purposes, relinquished, for all time, to another.

We therefore hold that, applying the legal principle of *Couch,* the note released by this defendant need not be afforded the Fifth Amendment protection, and the use of such note by the state denied no constitutional right of this defendant. Similar to the situation in *Couch,* ''in the case before us the ingredient of personal compulsion against an accused is lacking.''

In any event, a thorough reading of the note leads us to the conclusion that, even though there was error, such would be harmless, in that the text of such note would, in our view, neither prove, nor materially assist in the proof of, the elements of the crime alleged.

For all of the foregoing, the assignment of error is hereby dismissed.

The judgment of the Common Pleas Court of Franklin County is hereby affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.