STATE of Iowa, Appellee,

v.

Mitchell James RONEK, Appellant.

No. 85–791.

Supreme Court of Iowa.

June 18, 1986.

Douglas C. McDonald of McDonald, Stonebraker & Cepican, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Elizabeth E. Ciebell, Asst. Atty. Gen., and Michael Kane, Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, CARTER and WOLLE, JJ.

SCHULTZ, Justice.

Defendant appeals from his conviction of first-degree murder contending his privilege against self-incrimination was violated at trial. Specifically, defendant asserts the trial court compelled his attorney to produce an incriminating statement prepared by defendant and thereafter admitted the statement into evidence at trial. We find no error and affirm.

Defendant prepared the written statement while he was in jail awaiting trial. His attorney took some pretrial deposition transcripts to defendant and requested he make notes regarding the truth of the deposition testimony. A cellmate testified that defendant made notes on the transcripts and also prepared a five-page narrative description of the killing which he signed. The cellmate related that defendant allowed him to read both documents and that defendant orally admitted to him that he committed the murder. The cellmate stated that defendant handed the documents to his mother with the direction that she put them in a safe place. However, defendant maintains he did not allow his cellmate to read either the notes on the deposition transcripts or the five-page statement. Defendant further relates that the documents were folded and given to his mother for delivery to his attorney. The State learned of the existence of the written material

when the cellmate disclosed this information to peace officers.

Once armed with this disclosure, the State commenced the action which led to this appeal. The State applied for a subpoena duces tecum which directed defendant's attorney to produce the written statement. Defendant resisted the subpoena on the basis of the attorney-client privilege and the privilege against self-incrimination. After an evidentiary hearing, the trial court found the cellmate to be the far more credible witness. The court concluded that defendant allowed his cellmate to read the statement and defendant's mother turned over the documents to the attorney only in response to the State's inquiry into the matter. The court concluded defendant's disclosure of the communication to his cellmate prevented him from claiming the attorney-client privilege and, without commenting on defendant's self-incrimination claim, ordered production of the statement.

On appeal, defendant no longer relies on the attorney-client privilege, but argues that because of the confidentiality of that relationship the written statement remained in his constructive possession. Consequently, he urges that compelling the production of the statement violated his privilege against self-incrimination.

 The fifth amendment to the United States Constitution, made applicable to state proceedings through the fourteenth amendment, provides in part that "no person ... shall be compelled in any criminal case to be a witness against himself." The fifth amendment is viewed as safeguarding "the sanctity of a man's home and the privacies of life." *Boyd v. United States,* 116 U.S. 616, 630, 6 S.Ct. 524, 532, 29 L.Ed. 746, 751 (1886). More recently, the Court has stated that it was clear the fifth amendment "does not independently proscribe the compelled production of every sort of incriminating evidence but applies only when the accused is compelled to make a *testimonial* communication that is incriminating." *Fisher v. United States,* 425 U.S. 391, 408, 96 S.Ct. 1569, 1579, 48 L.Ed.2d 39, 54 (1976) (emphasis in original).

A compulsion upon the person asserting the privilege is an important element of the self-incrimination privilege. *Holt v. United States,* 218 U.S. 245, 252–53, 31 S.Ct. 2, 6, 54 L.Ed. 1021, 1030 (1910).

A subpoena duces tecum directed at a third party, in this case defendant's lawyer, does not generally compel a defendant to make a testimonial communication that is incriminating. The *Fisher* court noted that the self-incrimination privilege is a personal right which may be exercised only by the person subjected to the governmental compulsion. 425 at 397, 96 S.Ct. at 1574, 48 L.Ed.2d at 47. In *Fisher* a summons which required defendant's attorney to produce defendant's records was found not to violate the self-incrimination privilege. 425 U.S. at 397, 96 S.Ct. at 1574, 48 L.Ed.2d at 48. The Court stressed that enforcement against defendant's lawyer did not "compel" defendant to incriminate himself; the only thing compelled was the act of producing the documents. *Id.* at 409–10, n. 11, 96 S.Ct. at 1580, n. 11, 48 L.Ed.2d at 55, n. 11. Additionally, the lawyer could not claim the self-incrimination privilege for himself. *See id.* at 398–99, 96 S.Ct. at 1574–75, 48 L.Ed.2d at 48–49. In this case the person writing the statement, the defendant, did not have the documents in his possession. When the owner is not in possession "the ingredient of personal compulsion against an accused is lacking." *Couch v. United States,* 409 U.S. 322, 329, 93 S.Ct. 611, 616, 34 L.Ed.2d 548, 554 (1973).

Defendant maintains, however, there was compulsion against him because he had constructive possession of the documents held by his lawyer. He cites the court's decision in *Couch* which suggests there may be situations "where constructive possession is so clear or the relinquishment of possession is so temporary and insignificant as to leave the personal compulsions upon the accused substantially intact." *Id.* at 333, 96 S.Ct. at 618, 34 L.Ed.2d at 557 (citing *United States v. Guterma,* 272 F.2d 344 (2nd Cir.1959) and *Schwimmer v. United States,* 232 F.2d 855 (8th Cir.1956)).

We believe that defendant's reliance upon the doctrine of constructive possession is misplaced. Initially, the court in *Couch* made this commentary after it had already determined there was no compulsion against the accused and, therefore, no fifth amendment self-incrimination was involved. 409 U.S. at 329, 93 S.Ct. at 616, 34 L.Ed.2d at 554. Additionally, the *Guterma* and *Schwimmer* cases cited by the *Couch* court involved the storage of documents that remained under the actual control of the person asserting the fifth amendment privilege. *See Guterma*, 272 F.2d at 346; *Schwimmer*, 232 F.2d at 861. In *Guterma*, the privilege was asserted by the chairman of the board of a company who had his personal records in a safe at work. Only the chairman of the board and another individual knew the combination of the safe. The subpoena duces tecum was served on a court-appointed receiver of the company. The court determined the subpoena should have been quashed because there was no proof that the chairman of the board "had turned over his personal records" to become part of the company's files and records. *Guterma*, 272 F.2d at 346. In *Schwimmer* the records of an attorney were stored at a manufacturing company to which the subpoena was addressed. The attorney was held to have standing to object because he "had such possession, control, and unrelinquished personal rights in the books and the papers." *Schwimmer*, 232 F.2d at 861.

■ In the present case defendant's written admissions were handed to his mother who, later, gave these documents to defendant's lawyer. Defendant parted with actual control over the papers and did not restrict the access to or the use of the statements to himself. The fact that the papers were in his attorney's file does not help his claim. A similar claim was rejected in *Fisher* when the court specifically stated "[n]or is this one of those situations, which *Couch* suggested might exist, where constructive possession is so clear or relinquishment of possession so temporary and insignificant as to leave the personal compulsion upon the taxpayer [accused] sub-

stantially intact." 425 U.S. at 398, 96 S.Ct. at 1574, 48 L.Ed.2d at 48. In this case, we believe defendant did not retain control over the statements while in the hands of his attorney. *See United States v. Silvestain*, 668 F.2d 1161, 1164 (10th Cir.1982); *United States v. Jones*, 630 F.2d 1073, 1079–80 (5th Cir.1980); *In re Horowitz*, 482 F.2d 72, 86 (2nd Cir.1973).

■ Additionally, we note that even if a fifth amendment violation had occurred, our de novo review reveals no prejudice resulted. Substantially the same evidence, by the way of oral admissions by defendant, was received into evidence. His defense at trial was based primarily on his intoxication and diminished capacity, rather than a denial of killing the victim. The evidence against defendant was overwhelming.

We conclude that defendant's privilege against self-incrimination was not violated. The subpoena duces tecum was properly allowed to stand.

AFFIRMED.