VAN BRUNT, P. J., INGRAHAM, HATCH and LAUGHLIN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.

————————— )

In the Matter of the Application to Compel FRANK E. RANDALL to Produce Certain Books, Papers and Records of the Western GAS AND FUEL COMPANY, under a Subpœna Issued by Hon. JOHN J. FREEDMAN, a Justice of the Supreme Court, Bearing Date the 16th Day of January, 1903, and the Orders of This Court, and Also to Testify as a Witness in an Action Pending in the Court of Common Pleas, Montgomery County, Ohio, Between WILLIAM E. STRONG and Others, Plaintiffs, and the WESTERN GAS AND FUEL COMPANY and Others, Defendants.

WESTERN GAS AND FUEL COMPANY, Appellant; WILLIAM E. STRONG and Others, Respondents.

*Witness subpœnaed to testify and produce corporate books before a commissioner appointed by a foreign court — he cannot be required to leave them with the commissioner.*

A witness, subpœnaed to attend, in the State of New York, before a commissioner appointed by a foreign court to take testimony in an action pending therein and to produce before such commissioner the books of a corporation carrying on business in the city of New York, should not be required to deposit and leave such books with the commissioner.

APPEAL by the Western Gas and Fuel Company from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of July, 1903, as provides as follows:

"Ordered that the said Frank E. Randall produce and deliver to William C. Timm, the Commissioner in the suit now pending in the Court of Common Pleas, Montgomery County, Ohio, in which William E. Strong & others are plaintiffs, and the Western Gas & Fuel Company & others are defendants, the books which were in his possession before said Commissioner during his examination on the 21st & 22nd days of May, 1903, together with all other books in his possession called for by the said subpœna of this Court and the said order of Mr. Justice BISCHOFF."

*Julius F. Workum*, for the appellant.

*Frank E. Blackwell*, for the respondents.

PATTERSON, J.:

By the order appealed from, Frank E. Randall, a witness under examination before a commissioner appointed by the Court of Common Pleas of Montgomery county, Ohio, to take testimony in an action pending therein, was required to produce and deliver to the commissioner certain books which were in his possession, during his examination, and all books which were called for by a subpœna *duces tecum* issued by a justice of the Supreme Court of New York and which required the attendance of the witness before the commissioner and the production of such books. The order also provided that the commissioner must not permit such books to be used by the plaintiff's counsel, except for the legitimate purpose of the examination of a witness. Mr. Randall was under examination before the commissioner as a witness subpœnaed by the plaintiff; he had refused to answer certain questions which had been put to him, and the motion was made, substantially for the purpose of compelling him to answer such questions as well as to produce books. Some time prior to the making of the motion which resulted in the order now under review, a subpœna *duces tecum* had been served upon Mr. Randall and a motion had been made to vacate and set it aside. That motion was denied by Mr. Justice BISCHOFF and the

witness was required to attend before the commissioner pursuant to the subpœna and to produce the books, papers and records before such commissioner. It was further provided that the original books called for by the subpœna "need not be deposited with the Commissioner, unless required by the Court." . That order was appealed from but the appeal was abandoned. Pursuant to its provisions, the witness attended before the commissioner and produced certain books and papers, but he refused to identify them or to give any testimony respecting them. Thereupon the motion was made which resulted in the order from which this appeal is taken.

The appellant now insists that the subpœna was originally improperly issued and that the witness should not be required to obey it; but all those matters were disposed of on the motion to vacate the subpœna, and the appellant having abandoned its appeal from that order, is concluded by its terms. The present appeal is only from that part of the order under review which provides as follows : " Ordered that the said Frank E. Randall produce *and deliver* to William C. Timm, the Commissioner in the suit now pending in the Court of Common Pleas, Montgomery County, Ohio, in which William E. Strong & others are plaintiffs, and the Western Gas & Fuel Company & others are defendants, the books which were in his possession before said Commissioner during his examination on the 21st & 22nd days of May, 1903, together with all other books in his possession called for by the said subpœna of this Court and the said order of Mr. Justice BISCHOFF."

The only question now before us relates to the propriety of that provision of the order which requires the deposit of the books with the commissioner. They are the books of the Western Gas and Fuel Company, a corporation, which is a going concern, carrying on business in the city of New York. That those books must be produced by the witness when required by a subpœna has been adjudged, but we are not aware of any authority which requires that they be transferred from the possession of the corporation to which they belong and deposited with the commissioner. They are not to be inspected nor are they to be required for general examination. They are to be used on the examination of some witness, to aid him to answer the questions which may be propounded to him upon his examination, or to be made original evidence in connection

with the examination of some witness, or after identification by a witness. If the person producing the books in obedience to a sub-pœna refuses to answer questions passed upon and allowed by the commissioner, and under such circumstances refuses to identify the books or the entries therein which are material to the case of the examining party, a remedy is afforded by law. It is not necessary for any legitimate purpose that the books should be deposited and left with the commissioner. They have been produced in obedience to the subpœna; they are in legal effect before the commissioner for all legitimate purposes, and the witness or the appellant would be at great peril in refusing to bring them physically before the commissioner when required and in obedience to a subpœna.

We do not see that a case has been made out requiring a deposit of the books; and that much of the order should be reversed, with ten dollars costs and disbursements of the appeal; and the motion so far denied, with ten dollars costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Order, so far as appealed from, reversed, with ten dollars costs and disbursements, and motion, so far as it required a deposit of the books, denied, with ten dollars costs.