In the Matter of IRA JEWELL WILLIAMS, Receiver of the PERKIOMEN TRUNK AND BAG COMPANY, Petitioner.

Supreme Court, New York County, December 5, 1934.

*Simpson, Thacher & Bartlett* [*Richard Jones* of counsel], for witnesses moving to vacate or modify.

*Affeld, Sowers & Herrick* [*Stanley S. Schweitzer* of counsel], for defendant in Pennsylvania action moving to vacate or modify.

*Cook, Nathan & Lehman* [*Chester Rohrlich* and *Daniel M. Sandomire* of counsel], for the petitioner.

CALLAHAN, J. The controversy here concerns the extent to which the contents of books and documents of a witness not a party may be inquired into on the taking of testimony in this State for use in litigation pending in a foreign State.

The provisions governing the taking of testimony for use in a foreign State are found in sections 310–312 of the Civil Practice Act and rule 136 of the Rules of Civil Practice. Section 310 provides that the testimony of a witness may be obtained and " *in*

*connection therewith* " the production of books and papers may be required. Section 311 prescribes the method for issuing subpœnas for those purposes. Section 312 relates to the authority of the commissioner to take copies of such parts of documents produced as may be required and to certify same to the foreign court. These sections of the Civil Practice Act were taken from sections 914, 915 and 919, respectively, of the Code of Civil Procedure. Rule 136 is practically identical with former rule 17 of the former General Rules of Practice.

The decision of this court in *Matter of Lee* (41 Misc. 642), relied on by movants, appears to have been rendered in November, 1903. The decision on the first appeal in *Matter of Randall* (87 App. Div. 245, First Dept.) was rendered in the same month, whereas the decision of the Appellate Division on the second appeal in that matter (90 App. Div. 192; appeal dismissed, *sub nom. Matter of Strong* v. *Randall*, 177 N. Y. 400) was handed down in January, 1904. The provisions of the statutes and rules applicable were the same then as now. The decisions in *Matter of Randall* would, therefore, appear to be controlling. The first *Randall* case held improper a requirement for the deposit with a commissioner of books subpœnaed for use before him. It likewise held that the books so subpœnaed were not subject to unlimited inspection or general examination by counsel; that they were to be used primarily on examination of the witnesses to aid them to answer the questions; that entries therein might be offered in evidence, if properly identified, when such entries appeared material and competent. The use that might be made of books so subpœnaed was further discussed in the second *Randall* decision, where the court said that when such books had been identified it might be proper to have particular accounts pertinent to the issues separated from other entries and such accounts might be received in evidence. In the *Randall* cases, it appears, the court was discussing books of a party to the foreign litigation and book entries in such a case might constitute admissions by the party, whereas here, the books and documents are those of witnesses who are not parties. In the second *Randall* case it was further held that the question of competency of the evidence and other questions concerning the admissibility thereof was ultimately to be decided by the foreign court, but in so far as the receipt of evidence on the commission was concerned the question of pertinency was to be passed on by the commissioner in the first instance in like manner as would a justice of the peace in a trial before him.

The *Randall* decisions also made clear that a proceeding such as this is not a proceeding to compel the discovery of the books, but

that the examination of documents which a witness produced were to be allowed to the same extent as if they had been produced pursuant to subpœna at a trial of an action brought in this State.

A limited inspection of documents is proper upon a trial had here, as a trial counsel is entitled to inspect a book or paper which has been produced in court before taking the risk of offering it in evidence. (See *Strong & Trowbridge* v. *Defiance Machine Works*, 182 App. Div. 869.)

Without passing on the disputed question as to whether the present subpœnas are sufficiently definite on that score, the court rules that the books and documents to be produced are limited to those relating to the issues referred to in the commission, to wit, the matters of the joint investigation and common defense of the Pennsylvania actions. Further, the subpœnas *duces tecum* issued herein are modified so as to eliminate the provision that the book be deposited with the commissioner and for the purpose of assuring impartial rulings with respect to receipt of evidence a commissioner other than the nominee of the parties to the litigation who is an attorney at law, will be appointed by the court.

In so far as the motions seek to vacate the subpœnas and the subpœnas *duces tecum* they are denied. It seems to me unnecessary that the Pennsylvania commission specifically refer to the production of books as such production is authorized by our statutes upon any commission issuing out of another State to take testimony in this State. The motion is granted to the extent indicated; otherwise denied. Settle order.