Felix J. Atjlisi, J.
The defendant, Lyman Avery, who is the County Treasurer of Hamilton County, has been indicted by the Grand Jury of said county for neglect of duty in violation of section 1841 of the Penal Law in that he failed to remove his deputy after learning that said deputy had taken and appropriated to his own use sums of money belonging to the county and further that the defendant failed to include his own real property in the tax sale notice although he had not paid his taxes for two years.
The Grand Jury had been empanelled by order of the TTa.milton County Court, made its report to said court and the afore-mentioned indictment is now pending in said court.
In this motion the defendant asks that this court set aside the indictment upon the ground that there was no competent ■legal evidence before the Grand Jury to sustain the indictment, or in the alternative to permit him to inspect the minutes of *142 the Grand Jury, or in the alternative to permit him to withdraw his plea of not guilty to the indictment for the purpose of interposing a demurrer to same.
The indictment has not been transferred to the Supreme Court and I doubt that I have power and jurisdiction to pass on this application. The defendant argues to the contrary for the reason that the Supreme Court is a court of general and unlimited State-wide jurisdiction. It is true that the power of the Supreme Court is extensive but I believe that to attempt to assume jurisdiction in this case, in the absence of any statutory authority, would be an abuse of discretion and tend to disrupt and interfere with the orderly administration of justice.
Here all of the proceedings have been in the County Court. The Grand Jury was empanelled by the County Judge. líe charged the jury, received its indictments and in general was responsible for its conduct. The Hamilton County Court remains in possession and control of the records of the proceedings held there. A motion for inspection must be made in the court in which the proceedings were had and the testimony was taken (People ex rel. Hirschberg v. Supreme Court, 269 N. Y. 392; Matter of Schneider v. Aulisi, 307 N. Y. 376).
A reading of section 952-t of the Code of Criminal Procedure .further convinces me that the Supreme Court does not have jurisdiction in this case. The pertinent part of said section states in effect that the minutes of the Grand Jury proceedings must be kept secret “ except upon the written order of the court duly made I am of the opinion that the word “ court ” in the quotation is intended to mean the court in which the proceedings were had and the testimony taken.
The defendant can obtain all the relief he seeks in the Supreme Court from the Hamilton County Court under the provisions of section 39 of the Code of Criminal Procedure.
I, therefore, conclude and decide that the motion herein should be denied without prejudice.
An order may be submitted accordingly.