Bernard S. Meyer, J.
This article 78 proceeding seeks an order directing the District Attorney of Nassau County to deliver up to petitioner all hooks, papers and records (hereafter “records”) taken from petitioner’s offices by representatives of the District Attorney. The moving affidavit alleges that at the time the records were seized a subpoena duces tecum directing the Union to appear “ forthwith ” before the Grand Jury in a “ John Doe ” criminal action was served, that the records were taken without a search warrant, that return of the records was demanded but refused, that no reason was given for such refusal. The opposing affidavit avers that the records were voluntarily surrendered by the Union’s financial secretary-treasurer upon whom the subpoena was served and thereafter were received in evidence by the Grand Jury. The proceeding thus squarely raises the question whether records produced under a subpoena duces tecum may be retained by the District Attorney or the Grand Jury without further order of court.
The court concludes that there is no such authority in either the District Attorney or the Grand Jury. The statutory scheme is clear. The District Attorney is specifically empowered to issue subpoenas for witnesses to appear before the Grand Jury (Code Grim. Pro., § 609) and such subpoena may contain a direction requiring the production of chattels, books, papers or documents (Code Grim. Pro., § 613). The only authority to impound any such material, however, is contained in section 952-t of the Code of Criminal Procedure. Under that section when testimony has been taken before the Grand Jury “ the *417 judge presiding over the term of court for which any grand jury is drawn, may at any time during the sitting of such grand jury and upon petition signed by its foreman or acting foreman and certified by its clerk to have been authorized by twelve or more of the grand jurors constituting such grand jury, impound the stenographer’s original notes and minutes and the exhibits pertaining thereto, or any portion of such original notes, minutes, and exhibits, and may order them to be delivered to him and placed in his custody or in the custody of a public officer named by him.” A court order is, therefore required; neither the District Attorney nor the Grand Jury may order exhibits impounded. Impounding is possible only with respect to exhibits pertaining to the stenographer’s minutes, and then only after hearing and on petition properly authorized by the Grand Jury. While the rule is otherwise with respect to property alleged to have been stolen (Nassau County Administrative Code, § 8-7.0; Simpson v. St. John, 93 N. Y. 363) or which is the “ fruit of a crime ” or was “ used in the commission of a crime ” (Michalowski v. Ey, 4 N Y 2d 277, 282) or which was seized under a valid search warrant or in connection with a lawful arrest (People v. Chiagles, 237 N. Y. 193), it has long been the law that property produced pursuant to subpoena duces tecum may not be retained by the person or body before whom produced, except by order of court, whether the matter be criminal (Matter of Atlas Lathing Corp. v. Bennett, 176 Misc. 959; Matter of Bendix Aviation Corp., 58 F. Supp. 953; Matter of Kelly, 19 F. R. D. 269; Hagan, Impounding and the Subpoena Duces Tecum, 26 Brooklyn L. Rev. 199) or civil (Matter of Randall, 87 App. Div. 245; Matter of Williams, 153 Misc. 682). A subpoena duces tecum confers no right to seize the property referred to in the subpoena (Matter of Atlas Lathing Corp. v. Bennett, supra; Matter of Saratoga Harness Racing Assn. v. Monaghan, 9 Misc 2d 868), nor is the relinquishment of property in obedience to a “ forthwith ” subpoena duces tecum, even though on advice of counsel, a voluntary surrender (Matter of Remy Sportswear, 16 Misc 2d 407; People v. Jakira, 118 Misc. 303), nor, indeed, though delivery under a “forthwith” subpoena be assumed to be a lawful means of obtaining possession, would such delivery justify continued retention (Matter of Atlas Lathing Corp. v. Bennett, supra). “In fact, obedience to a subpoena duces tecum would be complete if the papers called for were presented to the Grand Jury at its session and taken away again * * * at the end of the particular session.” (Matter of Bendix Aviation Corp., supra, p. 954.) True, section 952-t of the Code of Criminal Procedure grants discretion *418 to the court to impound exhibits pertaining to the stenographer’s minutes, but that is a limited authorization and the exercise of the discretion thus conferred involves a balance between the rights of the People and the right of the party whose records are involved to protection against complete disruption of his business (see Matter of Kelly, supra, p. 270; Hagan, op. cit., pp. 215, 229). Without such an order neither the District Attorney nor the Grand Jury may impound or retain petitioner’s records (Hagan, op. cit., p. 218).
Notwithstanding the foregoing, this article 78 application must be denied. An order requiring the return of records was granted in an article 78 proceeding in Matter of Silfa v. Kennedy (5 Misc 2d 375, affd. 3 A D 2d 818, affd. 3 N Y 2d 734) but the appeals were by petitioner and did not raise the procedural problem. Matter of Michalowski v. Beckman (274 App. Div. 946) affirmed without opinion the dismissal of such a proceeding in which return of an automobile was sought, but in view of the reasons given for dismissal by Special Term (N. Y. L. J., May 4, 1948, p. 1670, col. 1) the affirmance cannot be considered clear authority on the point. Section 1285 of the Civil Practice Act is, however, explicit that: “ Except as otherwise expressly prescribed by statute, the procedure under this article shall not be available to review a determination * * * 2. Where it was made in a criminal matter ’ ’. The District Attorney’s determination to retain petitioner’s records was made in a matter before the August Term Grand Jury. The court for which a Grand Jury is drawn has inherent authority to determine questions “ concerning an alleged unreasonable exertion of authority in connection with the execution of the process of the court ’ ’ (Wise v. Henkel, 220 U. S. 556, 558) and to order the return of property illegally impounded (People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24, 30; Matter of Both, 200 App. Div. 423; People v. Carver, 172 Misc. 820); and the fact that the records have been marked in evidence does not proscribe exercise of that authority (People v. Manko, 189 N. Y. S. 357, affd. 203 App. Div. 893). The same court has authority to consider any petition of the Grand Jury with respect to impounding (Code Grim. Pro., § 952-t). The August Term Grand Jury is drawn for the County Court not the Supreme Court (Code Crim. Pro., §§ 225, 226; App. Div., 2d Dept., Order No. 8, 1961). It is to that court, therefore, that petitioner must make application for return of its records. (See People ex rel. Hirschberg v. Supreme Ct., 269 N. Y. 392; People v. Avery, 9 Misc 2d 141.)