**Leo HENZEL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18325.**

United States Court of Appeals
Fifth Circuit.

Nov. 30, 1961.

Richard Krigger Fink, Arthur B. Cunningham, Leonard R. Fels, Miami, Fla., for appellant.

Robert W. Rust, Asst. U. S. Atty., Lavinia L. Redd, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge and JONES and BELL, Circuit Judges.

TUTTLE, Chief Judge.

Appellant was the sole stockholder and president of Chemoil Corporation, which he organized early in 1957 to sell and promote franchises for a synthetic type of floor covering known as "Plastiloid." In December, 1959, appellant was indicted for mail fraud. The charge was based primarily on false representations allegedly made by the appellant to certain purchasers of Plastiloid products.

Prior to his trial for mail fraud, appellant duly moved, under Rule 41(e), F.R.Crim.P., 18 U.S.C.A., to suppress certain evidence obtained by a United States Postal Inspector on the ground that it had been illegally seized without a warrant. The District Court denied the motion on the ground that appellant lacked standing to make it. The Court reasoned that, since the appellant did

not have a proprietary interest in the property seized or in the premises searched, he was not "a person aggrieved by an unlawful search and seizure" within the meaning of Rule 41(e). Consequently, the evidence objected to was used against the appellant at trial, and it is not seriously contended that it did not aid in securing his conviction.

The facts touching on this search and seizure of the evidence can be briefly stated. Sometime in 1957, one Cooper recovered a judgment against Chemoil Corporation and obtained a general levy on the corporation's assets. In October, 1957, a Deputy Sheriff in Dade County, Florida, entered Chemoil's plant in Hialeah, Florida, and removed most of the corporation's property to a warehouse where it was to remain pending a sale to satisfy Cooper's judgment. Pursuant to a prior arrangement between the Sheriff's office and United States postal authorities, a United States Postal Inspector accompanied the Deputy Sheriff to Chemoil's plant. The Deputy Sheriff permitted the Postal Inspector to search the corporation's premises, including appellant's office, and to seize most of the corporation's books and records which were in the office. The Postal Inspector did not have a warrant to make this search and seizure although it is undisputed that he had ample opportunity to obtain one. Appellant was not on the premises when the search and seizure occurred. We may assume that the officer thought he was proceeding legally when he obtained permission of the Sheriff's office to search the premises.

The only substantial question raised by this appeal is whether the District Court erred in denying the motion to suppress on the ground that appellant did not have standing to make it.[1] Appellant maintains that Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697, requires us to reverse the District Court's ruling. We agree.

In Jones, the Supreme Court held that a person accused of possessing narcotics in violation of the Federal Narcotics Laws could attack the Government's allegedly unlawful seizure of the narcotics even though (a) his presence in the apartment where the narcotics were seized was merely that of a "guest" or "invitee," and (b) he did not admit to "ownership" of the narcotics. In so holding, the Court repudiated the rule which had been adopted by many Courts of Appeals that, in order to qualify as "a person aggrieved by an unlawful search and seizure," the accused must show ownership or possession of the seized property or a substantial possessory interest in the invaded premises.

Jones clearly tells us, therefore, what is *not* required to qualify one as "a person aggrieved by an unlawful search and seizure". It tells us that appellant should not have been precluded from objecting to the Postal Inspector's search and seizure of the corporation's books and records merely because the appellant did not show ownership or possession of the books and records or a substantial possessory interest in the invaded premises. The Government contends that Jones is not controlling here because it involved

1. It seems clear that the trial court made a finding that the search was illegal. Not only did the court enter an order suppressing personal business papers of the appellant, since he had concededly had standing to such relief as to them, but the court further said:

"I just don't understand the officers taking the chance of ruining the case in a situation like that. It seems to me that they had the papers in a way that they couldn't be disturbed. There is no chance in the world of their getting away from them.

"All they had to do was to go before a Commissioner with an affidavit and get a search warrant and take them. Obviously, that is what they should have done.

"As I say, that is quite a different thing to level that criticism. It is quite a different thing from saying that the defendant is entitled to suppress them."

Thus it is clear that the trial court denied the motion to suppress only on the ground that appellant was not an "aggrieved" party.

a possessory crime whereas this case does not. In so contending, the Government misconceives the dual nature of that decision. As the Court there noted:

> "*Two separate lines of thought effectively sustain defendant's standing in this case.* (1) The same element in this prosecution which has caused a dilemma, i. e., that possession both convicts and confers standing, eliminates any necessity for a preliminary showing of an interest in the premises searched or the property seized, which ordinarily is required when standing is challenged. *(2) Even were this not a prosecution turning on illicit possession, the legally requisite interest in the premises was here satisfied, for it need not be as extensive a property interest as was required by the courts below.*" (Emphasis supplied) 362 U.S. at 263, 80 S.Ct. at 732.

■ Nor does it make any difference that the property seized and the premises searched in this case were owned by a corporation rather than by an individual. Since a corporation has the same rights as a natural person to be free from illegal searches and seizures, Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, there is nothing in the corporate status of Chemoil which would prevent appellant from attacking the unlawful search and seizure of the corporation's property.

But this does not end our inquiry. Although, as noted previously, the Court in Jones clearly indicated what is *not* necessary in order to qualify as "a person aggrieved by an unlawful search and seizure," it did not formulate a general rule with respect to what *is* required to qualify as a "person aggrieved" under Rule 41(e).

There are two rather broad statements in the opinion which, at first glance, might be taken as pronouncements of a general test of qualification under ·Rule 41(e). Early in its opinion, the Court states that:

> In order to qualify as a "person aggrieved by an unlawful search and seizure" one must have been a victim of a search and seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search and seizure directed at someone else. 362 U.S. at p. 261, 80 S.Ct. at p. 733.

Now, if this were the sole test under Rule 41(e), it would be clear that appellant was "aggrieved" by the instant search and seizure because he was undoubtedly the "one against whom the search was directed." It is apparent, however, that this cannot be deemed the exclusive test under Rule 41(e), for if it were so, a person's home could be illegally searched with impunity merely because the search was "directed at" members of his immediate family or other friends or relatives. If, as a result of such a search, the Government uncovered evidence which it subsequently sought to use against the homeowner, he would have no standing to attack the illegal search and seizure because he would be claiming "prejudice only through the use of evidence gathered as a consequence of a search and seizure directed at someone else."

Further on in the opinion in Jones, the following statement appears:

> "No just interest of the Government in the effective and rigorous enforcement of the criminal law will be hampered by recognizing that anyone legitimately on premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him. This would of course not avail those, who by virtue of their wrongful presence, cannot invoke the privacy. of the premises searched." 362 U.S. at p. 267, 80 S.Ct. at p. 734.

If this statement is said to embody an exclusive test under Rule 41(e) then it would seem that appellant was not "aggrieved" by the instant search and sei-

zure because he was not on the premises when the search was made. But this too fails as a general rule because it would prevent a person from attacking an illegal search of his home if he happened to be off the premises when the search was made. The Court certainly could not have meant to sanction this result.

Since the Supreme Court has not provided us with a precise and unequivocal definition of an "aggrieved person" under Rule 41(e), we can best measure appellant's standing to suppress the illegally obtained evidence by comparing his interest in the property seized and premises searched with the interest of the defendant in Jones.

In Jones, the defendant was temporarily staying at his friend's apartment while the latter was out of town for a few days. The defendant admitted that his home was elsewhere, and he did not allege that he had ownership or possession of the property seized in the apartment.

In the instant case, the appellant was the organizer, sole stockholder and president of Chemoil Corporation. Appellant prepared much of the material seized, and this material was kept in his office along with some of his personal belongings. Although he was temporarily absent from his office when it was searched, appellant spent the greater part of every average working day there. Finally, it is undisputed that the search by the Postal Inspector was "directed at" the appellant.

Under these circumstances, we think the appellant had an interest in the property seized and premises searched at least as deserving of protection as the interest of the defendant in Jones. If "subtle distinctions" are no longer relevant in determining whether one is a "person aggrieved by an unlawful search and seizure," we must conclude that appellant had standing to attack the unlawful search and seizure made by the Postal Inspector in this case. 362 U.S. at 266, 80 S.Ct. at 733.

This is not to say that every employee of a corporation can attack the illegal seizure of corporate property if the fruits of the search are proposed to be used against him. Each case must be decided on its own facts. We only hold that, under the facts presented here, the appellant had a sufficient interest in the property seized and premises searched to enable him to challenge the propriety of the Government's conduct under Rule 41(e).

Since the decision below must be reversed for this reason, there is no need to consider appellant's other assignments of error.

The judgment and convictions are reversed and the case is remanded for further proceedings not inconsistent with this opinion.