■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH DE GRANDIS, FRANK DE FORTE and ERNEST ZUNDEL, Appellants, et al., Defendants.— Appeal by each of the three named defendants (De Grandis, De Forte and Zundel) from a judgment of the County Court, Nassau County, entered June 21, 1960 after a jury trial, convicting him of (a) conspiracy to violate section 340 of the General Business Law (Penal Law, § 580, subd. 1); (b) coercion (Penal Law, § 530); and (c) extortion (Penal Law, §§ 850, 851), and imposing sentence. As to each defendant, judgment affirmed. Defendants cannot invoke the Fourth Amendment to the United States Constitution with respect to the union records which were received in evidence. Such records were not the defendants' private, personal papers; they were the property of the union. Whatever possession the defendants had of these records was merely in their capacity as representatives of the union, and not in their private or individual capacity (*United States* v. *White*, 322 U. S. 694; see, also, *Mapp* v. *Ohio*, 367 U. S. 643, 646–657, 661–665; *Davis* v. *United States*, 328 U. S. 582, 587, as to the interrelationship between U. S. Const. Amendts., Fourth, Fifth). We have examined all the other contentions made by the appellants and find them to be untenable. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH GONDOLFO, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered March 24, 1961 on his plea of guilty, convicting him of possession of policy slips, a misdemeanor (Penal Law, § 975), and sentencing him to serve six months in the New York City Penitentiary and to pay a fine of $500, with the further provision that he serve an additional day for each dollar unpaid. Defendant in his brief has limited the appeal to the question whether the sentence was excessive. Judgment modified on the facts so as to reduce the sentence to 10 days in the City Prison and a fine of $250, plus an additional day of imprisonment for each dollar unpaid. As so modified, judgment affirmed. In our opinion, under all the circumstances the sentence was excessive. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD HUBBARD, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Kings County, dated December 6, 1961, which denied, without a hearing, his application to vacate a judgment of said court rendered November 19, 1962 on his plea of guilty, convicting him of robbery in the second degree, unarmed, and sentencing him as a second felony offender. Order affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONNIE HUYLER and LENNON MANNING, Appellants.— Appeal by defendants from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, rendered January 29, 1960 after a nonjury trial, convicting each of them of assault in the third degree, and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL KANE, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered May 9, 1961 after a jury trial, convicting him of forgery in the second degree (6 counts) and of grand larceny in the first degree (1 count), and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.