UNITED STATES of America, Appellee,

v.

Dominick S. FAGO, Appellant.

No. 371, Docket 27815.

United States Court of Appeals Second Circuit.

Argued June 6, 1963.

Decided June 28, 1963.

Herald P. Fahringer, Jr., Buffalo, N. Y. (Lipsitz, Green & Fahringer, Buffalo, N. Y.), for appellant.

Edmund F. Maxwell, Buffalo, N. Y. (John T. Curtin, U. S. Atty., Buffalo, N. Y.), for appellee.

Before CLARK and FRIENDLY, Circuit Judges, and ZAVATT, District Judge.*

PER CURIAM.

█ Dominick Fago appeals from a judgment of the District Court for the Western District of New York convicting him, after a verdict, of violating 26 U.S.C. § 7201 by filing false and fraudulent income tax returns for 1954 and 1955 and of violating 26 U.S.C. § 7203 in failing, as principal officer of John B. Schultz Contracting Co., Inc. and of Nottingham Contracting Corporation, to file six specified withholding tax returns due in 1955 and 1956. Although Fago's brief urged that the evidence was insufficient to warrant a conviction, this point was not pursued in argument and is wholly without merit. The claim seriously pressed on us was that the convictions were obtained in violation of Fago's rights to be secure against unreasonable searches and seizures and not to be compelled to be a witness against himself, guaranteed by the Fourth and Fifth Amendments.

█ The claim is that Fago turned his personal and corporate records over to the District Attorney of Erie County, New York, for examination in the latter's investigation of corruption in the City of Lackawanna, under a state grant of immunity; that the state officials permitted the Internal Revenue Service to examine these records; and that thereafter the state officials turned the records over, pursuant to an administrative summons, to the federal authorities investigating Fago's tax liabilities. We are invited to consider large and interesting constitutional questions in regard to cooperation between state and federal officials enabling the latter to obtain indirectly evidentiary material which the Fifth Amendment would prevent them from obtaining directly. We must decline the invitation. For, apart from the fact that the records came into the possession of the New York authorities for a purpose wholly unrelated to the subsequently initiated federal inquiry, Fago failed to show that the documents were his personal papers rather than records of the corporations, which he could himself have been compelled to produce. The only item seriously questioned on this score was a group of sheets setting forth data as to employees of the Schultz and Nottingham companies for a particular week in 1955. But a compilation from the records of two corporations would seem, *prima facie,* to be a record of the two corporations, and Fago offered nothing to overcome this natural inference. His contention that an officer of a corporation cannot

---

* Of the Eastern District of New York, sitting by designation.

be required to produce corporate records which are sought to prove a crime against him runs counter to the teaching—never since questioned by the Supreme Court—of Wilson v. United States, 221 U.S. 361, 385, 31 S.Ct. 538, 55 L.Ed. 771 (1911). His claim that the Wilson rule is inapplicable when a corporation is a mere *alter ego* of its owner is answered by the portion of United States v. Guterma, 272 F.2d 344, 346 (2 Cir., 1959), relating to Chatham Corporation, and the authorities there cited.

Affirmed.