HAIR INDUSTRY, LTD., Adorable Hair-Do Corp., Howard Tresses, Inc., George Rosen and Ruth Rosen, Appellants,

v.

UNITED STATES of America, Appellee.

No. 294, Docket 29301.

United States Court of Appeals Second Circuit.

Argued Jan. 13, 1965.

Decided Jan. 26, 1965.

Anthony H. Atlas, of Atlas, Berg & Mendalis, New York City (Nicholas Atlas, New York City, on the brief), for appellants.

Eugene R. Anderson, Asst. U. S. Atty., Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty., and Arthur S. Olick, Asst. U. S. Atty., on the brief), for appellee.

Before SMITH, KAUFMAN and ANDERSON, Circuit Judges.

PER CURIAM.

George Rosen and Ruth Rosen, Hair Industry, Ltd., a corporation wholly owned by George Rosen, Adorable Hair-Do Corp. and Howard Tresses, Inc., wholly owned subsidiaries of Hair Industry, appeal from an order of the United States District Court for the Southern District of New York, Dudley B. Bonsal, District Judge, enforcing an Internal Revenue Service subpoena for the books of the three corporations. We find no error and affirm the order of the District Court.

The single question presented by this appeal is whether the sole owner of a corporation can legally refuse to produce corporate records and documents on the basis of his personal constitutional privileges under the Fourth and Fifth Amendments. In this case, the Internal Revenue Service has attempted to subpoena the books of Hair Industry Ltd., a family corporation owned in its entirety by appellant George Rosen, as well as the records of Adorable Hair-Do Corp. and Howard Tresses, Inc., both wholly owned subsidiaries of Hair Industry. The three corporations at one time functioned as a single family partnership but were incorporated prior to the period under investigation. The books are sought in investigations of the corporations' tax liabilities.

Relying on United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944), which denied the privilege for records of unincorporated associations only where held in a representative capacity, appellants urge that the test developed there is whether the one claiming the privilege represents his own interest and that, generally, in determining when the privilege can be invoked form must give way to substance. While there is some appeal to this argument, it is impossible to reconcile with the rationale of Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906), which based denial of the privilege on the need of the sovereign for visitorial powers over its corporate creatures. Indeed, United States v. White reiterated the rule that the privilege cannot be utilized on behalf of a corporation. 322 U.S. at 699, 64 S.Ct. at 1251. Today, with the tax consequences vis-à-vis the sovereign flowing from the use of the corporate form—income accumulation possible under some circumstances free from personal income tax, for example—the visitorial powers are more than ever necessary to the sovereign, and justify the courts in holding that any claim to the personal privilege is relinquished as to corporate records by the choice of the corporate form for an individual's business. Corporate records, which would tend to incriminate a corporate officer, can be subpoenaed even where the corporation is a mere alter ego of its owner. United States v. Fago, 319 F.2d 791 (2 Cir. 1963); United States v. Guterma, 272 F.2d 344 (2 Cir. 1959). See also application of Daniels, 140 F.Supp. 322, 327 (S.D.N.Y.1956).

The order of the District Court is affirmed. Mandate may issue forthwith.