**UNITED STATES of America ex rel. Frank DeFORTE, Relator,**

v.

**Vincent R. MANCUSI, Warden of Attica State Prison, Respondent.**

**Civ. No. 11812.**

United States District Court
W. D. New York.

Nov. 16, 1966.

James L. Lekin, Buffalo, N. Y., for relator.

William Cahn, Dist. Atty., Nassau County (Henry P. Devine, Asst. Dist. Atty., of counsel), for respondent.

HENDERSON, District Judge.

Relator, co-defendants Joseph De-Grandis and Ernest Zundel, all officers of Local 266 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and twelve other defendants were indicted in Nassau County, New York, for conspiracy (Penal Law, McKinney's Consol. Laws, c. 40, § 580), coercion (Penal Law, § 530) and extortion (Penal Law, §§ 850, 851). The indictment involved alleged monopolization of the juke box industry in metropolitan New York City. Trial was held in the Nassau County Court, and the jury found defendants DeForte, DeGrandis and Zundel guilty, but acquitted the remaining defendants. Subsequently the relator was sentenced to from three to five years' imprisonment. He is presently serving that sentence in Attica State Prison.

Appeals by the relator to the Appellate Division of the Supreme Court [1] and to the New York Court of Appeals [2] were unsuccessful, and certiorari to the United States Supreme Court was denied.[3] A previous application for a writ of habeas corpus, on other grounds, was denied and that denial affirmed on appeal.[4] It appears that the relator, with respect to the present issues, has exhausted his available state remedies as required by Title 28 U.S.C. § 2254.

1. People v. DeGrandis, 16 A.D.2d 834, 228 N.Y.S.2d 875 (2d Dep't 1962).

2. People v. DeGrandis, 12 N.Y.2d 812, 236 N.Y.S.2d 63, 187 N.E.2d 130 (1962).

3. DeGrandis, et al. v. New York, 375 U.S. 868, 84 S.Ct. 91, 11 L.Ed.2d 95 (1963).

4. DeGrandis v. Fay, 335 F.2d 173 (2d Cir. 1963).

Relator's petition contains two claims (1) that evidence was received against him in the course of trial which had been seized in violation of his Fourth Amendment rights, and (2) that illegal wiretap evidence was also improperly received. The second claim has been withdrawn. Involved in the first claim is the manner in which certain books and records of Local 266 were obtained.

It appears that these books and records were secured through the issuance, by the District Attorney's office, of a "forthwith" subpoena duces tecum addressed to Local 266.[5] The Local apparently did not surrender its books and records upon service of the subpoena but, without the consent of its officers, the books and records were taken by those serving the subpoena. The Assistant District Attorney, who has appeared in opposition to this application, has not attempted to justify this use of the subpoena.

Initially, the relator concedes that he, as a union officer, can claim no Fifth Amendment privilege with respect to the production of union records. See United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944). He notes, however, that the Supreme Court decided Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) before his conviction became final and, accordingly, that the Fourth Amendment's proscription against unreasonable searches and seizures would apply to his state court trial. See Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731 (1965). Under Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), particularly as that decision is interpreted by the Fifth Circuit Court of Appeals in Henzel v. United States, 296 F.2d 650 (5 Cir. 1961),[6] relator claims that he, as an individual, has standing to challenge the seizure and use of the aforementioned union records in his state court trial.

In *Jones*, supra, the Supreme Court reviewed a narcotics conviction in which the defendant had been denied standing to move to suppress because he neither claimed ownership of the seized articles nor claimed a greater interest in the searched premises than that of an invitee or guest. Speaking in the context of Rule 41(e) of the Federal Rules of Criminal Procedure, the Court, at page 261, 80 S.Ct. at page 731, observed initially that:

"In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else. Rule 41(e) applies the general principle that a party will not be heard to claim a constitutional protection unless he 'belongs to the class for whose sake the constitutional protection is given.'"

The Court went on to point out that:

"The exclusion in federal trials of evidence otherwise competent but gathered by federal officials in violation of the Fourth Amendment is a means for making effective the protection of privacy."

The Court then concluded that:

"Ordinarily, then, it is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he allege, and if the allegation be disputed that he establish, that he himself was the victim of an invasion of privacy."

However, upon reviewing the tests which the lower federal courts had ap-

5. As to the propriety of a "forthwith" subpoena under New York law, see Amalgamated Union, Local 224 v. Levine, 31 Misc.2d 416, 219 N.Y.S.2d 851 (Sup.Ct. 1961) and In re Atlas Lathing Corp., 176 Misc. 959, 29 N.Y.S.2d 458 (Sup.Ct.1941).

6. See also: United States v. Birrell, 242 F.Supp. 191, 198–201 (D.C.S.D.N.Y. 1965).

plied to determine if an individual had demonstrated that he possessed the requisite interest, the Court found those tests to be deficient. In effect, those tests had pinioned a defendant, either requiring that he risk loss of his Fifth Amendment rights or, in saving his defense, encouraging that he perjure himself in order to establish his standing to assert his Fourth Amendment rights.

Finding this dilemma presupposed " * * * requirements of 'standing' which we do not find compelling," the Court found that two separate lines of thought effectively sustained Jones' claim of standing. The Court, 362 U.S. at page 263, 80 S.Ct. at page 732 held that where:

> "The same element in this prosecution which has caused a dilemma, i. e., that possession both convicts and confers standing, eliminates any necessity for a preliminary showing of an interest in the premises searched or the property seized, which ordinarily is required when standing is challenged."

Secondly, and here speaking more generally, the Court, at page 267, 80 S.Ct. at page 734, held:

> " * * * that anyone legitimately on premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him."

In those cases where a Fourth and Fifth Amendment dilemma could occur, i. e., generally those cases involving contraband, the fruits or instrumentalities of a crime and resulting Fifth Amendment problems, the wisdom and fairness of the new guidelines are immediately apparent. Equally apparent, however, is the absence of any such dilemma when corporate or union books and records are involved. See Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771

(1911) and United States v. White, supra.

Although no such dilemma was involved, in Henzel v. United States, supra, the Fifth Circuit Court of Appeals, applying and relying upon Jones, concluded that the sole stockholder and president of a corporation, absent when his corporation's records were illegally seized, had standing to challenge the seizure. This result, and the Circuit Court's comment that the corporation's president "had an interest in the property at least as deserving of protection as the interest of the defendant Jones," [7] in this court's view cannot be reconciled with existing precedents.

Not only do Henzel's holding and the aforementioned comment overlook the absence of the Fourth and Fifth Amendment dilemma to which the Jones' guidelines apply, but its holding and comment ignore the personal nature of Fourth Amendment rights. See Hale v. Henkel, 201 U.S. 43, 74–77, 26 S.Ct. 370, 50 L.Ed. 652 (1906), Wilson v. United States, 221 U.S. 361, 374–386, 31 S.Ct. 538 (1911); Essgee Co. of China v. United States, 262 U.S. 151, 155–158, 43 S.Ct. 514, 67 L.Ed. 917 (1923); Mapp v. Ohio, 367 U.S. 643, 655–657, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961); Wong Sun v. United States, 371 U.S. 471, 492, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); United States v. DeVasto, 52 F.2d 26, 29, 78 A.L.R. 336 (2d Cir. 1931); United States v. Antonelli Fireworks Co., 155 F.2d 631, 636 (2d Cir. 1946); Lagow v. United States, 159 F.2d 245, 246 (2d Cir. 1946); United States v. Guterma, 272 F.2d 344, 346 (2d Cir. 1959); United States v. Fago, 319 F.2d 791, 792–793 (2d Cir. 1963). That Jones' "on the premises" test is singularly inappropriate when applied to corporate books and records would appear to require little discussion.[8] Envision, for example, a case in

---

7. Henzel v. United States, 296 F.2d 650, 653 (5th Cir. 1961).

8. The court recognizes, however, that the Supreme Court, in the exercise of its supervisory power over the federal courts, may have reached the same result as did the Fifth Circuit Court of Appeals in Henzel. See Ker v. State of California, 374 U.S. 23, 31, 83 S.Ct. 1623 (1963); see generally Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920).

which the corporation's janitor was present during an illegal search and seizure but the corporation's vice-president was not.

 Accordingly, the court joins in the view of the Third Circuit Court of Appeals in United States v. Grosso, 358 F.2d 154, 160–161 (3rd Cir. 1966), to the effect that the Supreme Court, in Jones, confirmed the general rule as to standing and created an exception applicable only to a limited class of cases. Specifically, for the reasons heretofore stated, the court concludes that those cases involving corporate or union books and records do not fall within that class of cases governed by Jones.

 The court is convinced therefore, that United States v. Antonelli Fireworks Co., 155 F.2d 631 (2d Cir. 1946); Lagow v. United States, 159 F.2d 245 (2d Cir. 1946); United States v. Guterma, 272 F.2d 344 (2d Cir. 1959) and United States v. Fago, 319 F.2d 791 (2d Cir. 1963) are controlling authority and, accordingly, finds the relator lacks standing to raise the present objection. The writ is dismissed.

In view of the recent authority contrary to this court's holding, a certificate of probable cause for appeal is granted.

Permission to appeal in forma pauperis is denied with the qualification that the relator may file with the Clerk of the United States District Court, United States Courthouse, Buffalo, New York, a notice of appeal without the payment of filing fees.

This denial does not prevent the relator from applying directly to the Court of Appeals for the Second Circuit, United States Courthouse, Foley Square, New York City, for permission to prosecute an appeal in forma pauperis.

So ordered.

Assigned counsel James L. Lekin has devoted much time to this matter with skill and diligence.