Robert C. HILL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20942.

United States Court of Appeals Ninth Circuit.

March 22, 1967.

Rehearing Denied May 31, 1967.

**872**

Manuel L. Real, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Gerald F. Uelmen, JoAnn Dunne, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and COPPLE, District Judge.

DUNIWAY, Circuit Judge.

Convicted on 26 of 29 counts of an indictment charging mail fraud (18 U.S.C. § 472), Hill appeals. He does not assert that the evidence is insufficient to sustain the conviction. He charges two errors: (1) Denial of his motion to suppress evidence, and (2), denial of due process. We affirm.

Hill organized a California corporation called Inter-American Loan Service, Inc. (I.A.L.S.) He was its president and owner. All of the business in the course of which the frauds were committed was that of the corporation. Solicitation and correspondence were in the name of the corporation; checks received were payable to the corporation; contracts were in the name of the corporation. The "business" was carried on from April, 1958, until March 30, 1959, when the California Commissioner of Corporations issued a "Desist and Refrain Order." Shortly after, Hill caused all of the files of I.A.L.S. to be turned over to a partnership called United Lenders Service and composed of four persons, two former employees of Hill, his brother and one Scherief. Hill retained no control or supervision over the files. Later, the wife of Hill's brother removed the files to the home of herself and the brother, in Los Angeles.

In the summer of 1959, pursuant to charges filed in Fresno County, California against Hill and others, the Chief of Police of Selma, California, came to Los Angeles and obtained the files from Hill's sister-in-law. For the purpose of this decision, we assume, but do not decide, that they were obtained in a manner contrary to the prohibitions of the Fourth Amendment to the Constitution of the United States. The files were turned over to the District Attorney of Fresno County and he in turn, after disposition of the charges against Hill in that county, turned them over to a federal postal inspector. It is some of these records that were used to convict Hill in this case, and that he sought to suppress.

The trial judge denied the motion on the ground that Hill lacked standing— that he was not "a person aggrieved" within the meaning of Rule 41(e), F.R. Crim.Proc. We agree. The papers were the papers of I.A.L.S., not of Hill. The premises from which they were taken were not premises in which Hill had any

interest whatever. Hill's conviction was not based on his possession of the property seized, either directly or by presumption. Thus, Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697, on which Hill relies, does not apply. See our discussion of the "standing" question in Diaz-Rosendo v. United States, 9 Cir., 1966, 357 F.2d 124. I.A. L.S. was the "victim of the seizure, [the] one against whom the search was directed," while Hill is "one who claims prejudice only through the use of evidence gathered as a consequence of a search directed at someone else" (*Jones*, supra, at p. 261, 80 S.Ct. at p. 731).

The result we reach was also reached by the Second Circuit in a case directly in point, Lagow v. United States, 1946, 2 Cir., 159 F.2d 245, 246, cert. den. 331 U.S. 858, 67 S.Ct. 1750, 91 L.Ed. 1865:

> "When a man chooses to avail himself of the privilege of doing business as a corporation, even though he is its sole shareholder, he may not vicariously take on the privilege of the corporation under the Fourth Amendment; documents which he could have protected from seizure, if they had been his own, may be used against him, no matter how they were obtained from the corporation. Its wrongs are not his wrongs; its immunity is not his immunity. This we have four times decided. In Re Dooley, [2 Cir.,] 48 F.2d 121, United States v. De Vasto, [2 Cir.,] 52 F.2d 26, Connolly v. Medalie, [2 Cir.,] 58 F.2d 629, United States v. Antonelli Fireworks Co., [2 Cir.,] 155 F.2d 631, 636."

Compare the following cases, dealing with the Fifth Amendment privilege in relation to comparable records: Hyster v. United States, 9 Cir., 1964, 338 F.2d 183; Wild v. Brewer, 9 Cir., 1964, 329 F.2d 924; United States v. Goldberg, 3 Cir., 1964, 330 F.2d 30.

Henzel v. United States, 5 Cir., 1961, 296 F.2d 650, and Villano v. United States, 10 Cir., 1962, 310 F.2d 680, are different. In those cases, the records were seized from the personal premises of the accused. Not so here. See also Peel v. United States, 5 Cir., 1963, 316 F.2d 907, 909, which limits *Henzel*.

Hill's due process contention is based on his claim that the records were out of his possession from April, 1959 until after he was indicted in February of 1964, and that many of the records, favorable to him, had disappeared. He does not specify any particular records as being missing, or how they would be helpful to him if available. He does not even direct his charge that records are missing to particular things that should have been in the specific files, relating to the several victims named in the 29 counts of the indictment, that were used against him. Hill was given access to all the papers that the government had, in advance of trial. We cannot predicate a holding that Hill was deprived of due process upon so flimsy a foundation.

Affirmed.