Application of Donald WEISS, to quash a grand jury subpoena directing him as President of Nassau-Suffolk Business Exchange, Inc., to produce all the books and records of said corporation.

No. 68-C-388.

United States District Court
E. D. New York.
April 25, 1968.

Joseph P. Hoey, U. S. Atty. Eastern District of New York, Brooklyn, N. Y., by Ronald Gene Wohl, Asst. U. S. Atty., for plaintiff.

Williams & Connolly, Washington, D. C., Patrick M. Wall, New York City, of counsel, for Donald Weiss.

Memorandum of Decision and Order

MISHLER, District Judge.

On September 12, 1967, an oral application to quash certain grand jury subpoenas that had been served upon Donald Weiss, as president of Nassau-Suffolk Business Exchange, Inc., and Morris Gaines, said corporation's attorney, was made before this court. The subpoenas directed Messrs. Weiss and Gaines to produce, in effect, all of the corporation's books and records under their custody and control.[1]

In the interim, the grand jury has returned a forty-nine count indictment against Weiss and one Walter H. Spede, who formerly was the assistant cashier and manager of the Valley National Bank of Long Island, Setauket, New York.[2] The indictment charges, in essence, that between the latter part of 1966 and the day of his arrest in June, 1967, Weiss aided and abetted Spede in a scheme to defraud the aforesaid bank, whose deposits were insured by the Federal Deposit Insurance Corporation. The government alleges that Weiss sent numerous individuals to Spede for personal loans; that the loans were granted even though the individuals were not entitled to receive them because of their finan-

---

1. The court has since been informed that the requested documents are currently in Mr. Weiss' possession, and that the parties have stipulated that no new subpoena need be served for their production should the court so direct.

2. Twenty-nine counts charge Weiss and Spede with violations of sections 215

and 2 of title 18, United States Code. Twenty-nine other counts allege that they violated sections 656 and 2 of title 18. The final count alleges the formation of a criminal conspiracy in contravention of section 371 of title 18. The indictment was returned on November 2, 1967.

cial conditions; and that Weiss and Spede obtained kickbacks as payment for their roles in securing the loans.

Weiss claims that the compulsory production of the requested documents would constitute a violation of his privilege against self-incrimination. In his affidavit of January 8, 1968, Weiss recites his belief that the current proceeding is related to his activities as president of the aforesaid corporation, and that the material called for in the subpoenas might tend to incriminate him.

Apparently, Weiss and his wife are the corporation's sole stockholders and officers; each owns a fifty percent stock interest, and the latter is the secretary-treasurer. Weiss further avers that on various occasions he has used the corporate bank account to pay his personal obligations, and has also deposited personal funds into the firm's account. "In short," he argues, "since the only persons entitled to the funds of the corporation were * * * [himself] and * * * [his] wife, * * * [he has] treated corporate funds and records as personal ones and personal funds as corporate funds whenever it was convenient to do so."[3]

█ Weiss does not contend, however, that the corporation did not conduct any business, nor does he maintain that the transactions recorded in the corporate books were merely payments of personal obligations and deposits of moneys unrelated to the firm's activities. The applicant's conclusory statements to the effect that purely personal matters have been intermingled with corporate matters are insufficient to support the quashing of the subpoenas. Of course, he is not precluded from attempting to demonstrate with particularity, upon production of the documents, that several of the items demanded by the subpoenas are his personal papers.

Nevertheless, as this court perceives his argument, Weiss does not maintain that the requested records must be regarded as his personal papers because of the nature of the transactions to which they relate. Instead, he claims that a small family corporation is closely analogous to a small family partnership, and that the transaction of business in either form constitutes "wholly individual activity." See, Matter of Subpoena Duces Tecum, 81 F.Supp. 418 (N.D.Cal.1948).

█ While the analogy urged upon this court may well have greater validity today than it did at some prior time,[4] a significant conceptual dichotomy still exists between partnerships and corporations. In most instances, American partnership law continues to follow the British course of treating the partnership in the pluralistic sense; i. e., it refuses to recognize the existence of a legal entity distinct from the individual partners. See, United States v. A. & P. Trucking Co., 358 U.S. 121, 128, 79 S.Ct. 203, 208, 3 L.Ed.2d 165 (1958); Helvering v. Smith, 90 F.2d 590 (2d Cir. 1937). In the context of the subject application, this means that if nothing more is shown, the books and records of a traditional partnership are within the privilege available to any or all of the partners. See, United States v. Cogan, 257 F.Supp. 170, 172 (S.D.N.Y.1966).

█ When the privilege is asserted as a bar to the production of *corporate* books and records, however, the rule is to the contrary. See, Grant v. United

---

3. Affidavit of Donald Weiss, January 8, 1968, ¶ 5 at p. 3.

4. The common law's traditional refusal to recognize a partnership as a separate legal entity posed such serious procedural difficulties that, in many instances, the rule has had to be modified. See, e. g., Joscar Co. v. Consolidated Sun Ray, Inc., 212 F.Supp. 634 (E.D.N.Y.1963). In addition, Congress has employed the entity concept in defining the criminal conduct of partnerships. See, United States v. A. & P. Trucking Co., 358 U.S. 121, 79 S.Ct. 203, 3 L.Ed.2d 165 (1958). On the other hand, certain small business corporations may elect to be treated for tax purposes as if they were partnerships. See, 26 U.S.C. §§ 1371–1377 (1964), as amended, 80 Stat. 114 (1966).

States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913); Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L. E. 771 (1911); Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906); Wild v. Brewer, 329 F.2d 924 (9th Cir.), cert. denied, 379 U.S. 914, 85 S.Ct. 262, 13 L.Ed.2d 185 (1964); United States v. Fago, 319 F.2d 791, 793 (2d Cir.), cert. denied, 375 U.S. 906, 84 S.Ct. 197, 11 L.Ed.2d 146 (1963); United States v. Guterma, 272 F.2d 344, 345 (2d Cir. 1959). This circuit has already stated that while there is some appeal to the argument that a less mechanical approach should be applied to corporations,[5] as is the case with respect to unincorporated associations, see, United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1952), the argument is irreconcilable with rationale of the Supreme Court's decisions. Hair Indus., Ltd. v. United States, 340 F.2d 510, 511 (2d Cir.), cert. denied, 381 U.S. 950, 85 S.Ct. 1804, 14 L.Ed.2d 721 (1965). Indeed, the *White* case itself reiterated the old rule pertaining to the invocation of the privilege and demands for the production of corporate records.

■ Accordingly, this court holds that "[c]orporate records which would tend to incriminate a corporate officer, can be subpoenaed even where the corporation is a mere alter ego of its owner." Hair Indus., Ltd. v. United States, supra.

The motion is denied. Applicant Donald Weiss is directed to produce the corporate books and records pursuant to the subpoena before this court on May 10th, 1968, at 9:30 A.M.

The briefs of the parties erroneously adopted the caption of the criminal proceeding pending against Walter H. Spede and Donald Weiss (67 CR 410). The clerk is directed to file the papers under the above caption without fee.

5. See, Wild v. Brewer, supra (dissenting opinion); Note, Books and Records and the Privilege Against Self-Incrimination, 33 Bklyn.L.Rev. 70, 74 (1966); Comment, Required Information and the Privilege Against Self-Incrimination, 65 Colum.L.Rev. 681 (1965); Recent Cases, 78 Harv.L.Rev. 455 (1964).